Scott Edward Cole, Esq. (S.B. #160744)
Stephen Noel Ilg, Esq. (S.B. #275599)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone:   (510) 891-9800
Facsimile:    (510) 891-7030
Email:    scole@scalaw.com
Email:    silg@scalaw.com
Web:    www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Classes

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANA BELEN HAM, individually, and on behalf of all others similarly situated, | Case No. 3:14-CV-02044-WHO |
| Plaintiff, | **CLASS ACTION** |
| vs. | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| THE HAIN CELESTIAL GROUP, INC., | Date:    September 17, 2014
Time:    2:00 p.m.
Room:    2, 17th Floor |
| Defendant. | Judge:    Hon. William H. Orrick |

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

# **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................1

II. STATEMENT OF FACTS .....................................................................................2

III. LEGAL ARGUMENT .............................................................................................3

    A. STANDARD OF REVIEW ..........................................................................3

    B. PLAINTIFF ADEQUATELY PLED PLAUSIBLE CLAIMS WITH THE REQUIRED PARTICULARITY......................................................................4

        1. Plaintiff Sufficiently Pled a False Advertising Claim...............................4

            a. Plaintiff Plausibly Alleged SAPP is Not All Natural...........................4

            b. Reasonable Consumers Expect That Products Labeled "All Natural" Do Not Contain SAPP ......................................................................4

            c. Plaintiff Alleged Reasonable Reliance on Hain's Misleading Statement .........................................................................................6

            d. Organic Status Is Irrelevant to Plaintiff's All Natural Claims............10

        2. Plaintiff Sufficiently Pled a Claim for Breach of Contract........................12

        3. Plaintiff Sufficiently Pled A Common Law Claim For Breach Of Express Warranty.................................................................................................14

    C. PRIMARY JURISDICTION DOCTRINE DOES NOT WARRANT ABSTENTION ............................................................................................16

    D. INJUNCTIVE RELIEF IS AVAILABLE IN MISLEADING LABEL CLAIMS ......................................................................................................18

    E. PLAINTIFF'S UNJUST ENRICHMENT CLAIM SURVIVES IN CONJUNCTION WITH THE OTHER CLAIMS AND AS A STANDALONE QUASI-CONTRACT CLAIM FOR RESTITUTION.............20

IV. DEFENDANT'S MOTION TO STRIKE SHOULD BE DENIED; AT MINIMUM, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND .........................21

    A. RELEVANT, MATERIAL ALLEGATIONS SHOULD NOT BE STRICKEN....................................................................................................21

        1. None of Plaintiff's Claims Could Be Dismissed if the Language at Issue was Stricken .........................................................................................21

        2. Plaintiff's Allegations Cannot Be Stricken from the Pleadings................21

    B. IF THE COURT IS INCLINED TO GRANT ANY PORTION OF DEFENDANT'S MOTION, PLAINTIFF SHOULD BE GIVEN LEAVE TO AMEND .......................................................................................................24

V. CONCLUSION.....................................................................................................24

Memorandum of Points & Authorities in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss

# TABLE OF AUTHORITIES

**Cases**

*Aaronson v. Vital Pharms., Inc.*,
  2010 U.S. Dist. LEXIS 14160 (S.D. Cal. 2010) ............................................ 13, 15

*Allen v. ConAgra Foods, Inc.*,
  2013 U.S. Dist. LEXIS 125607 (N.D. Cal. 2013) ................................................ 14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................................. 3

*Astiana v. Ben & Jerry's Homemade, Inc.*,
  2011 U.S. Dist. LEXIS 57348 (N.D. Cal. May 26, 2011) ................................. 17, 19

*Astiana v. Dreyer's Grand Ice Cream, Inc.*,
  2012 U.S. Dist. LEXIS 10137 (N.D. Cal. 2012) ........................................... passim

*Astiana v. The Hain Celestial Group, Inc.*,
  905 F. Supp. 2d 1013 (N.D. Cal. 2012) ............................................................... 17

*Balser v. Hain Celestial Group, Inc.*,
  2013 WL 6673617 (C.D. Cal. Dec. 18, 2013) ...................................................... 17

*Barnes v. Campbell Soup Co.*,
  2013 WL 5530017 (N.D. Cal. July 25, 2013) ...................................................... 17

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................... 3

*Brazil v. Dole Food Co.*,
  935 F. Supp. 2d 947 (N.D. Cal. 2013) .................................................... 16, 18, 19

*Bronson v. Johnson & Johnson, Inc.*,
  2013 U.S. Dist. LEXIS 54029, 2013 WL 1629191 (N.D. Cal. Apr. 16, 2013) ....... 19

*Burr v. Sherwin Williams Co.*,
  42 Cal.2d 682 (1954) ........................................................................................... 13

*California v. United States*,
  512 F. Supp. 36 (N.D. Cal. 1981) ........................................................................ 22

*Carrera v. Dreyer's Grand Ice Cream, Inc.*,
  475 Fed. Appx. 113 (9th Cir. 2012) ...................................................................... 9

*CDF Firefighters v. Maldonado*,
  158 Cal. App. 4th 1226 (2008) ............................................................................. 12

*Clemens v. DaimlerChrysler Corp*,
  534 F.3d 1017 (9th Cir. 2008) .............................................................................. 13

*Committee on Children's Television, Inc. v. General Foods Corp.*,
  35 Cal.3d 197 (1983) ............................................................................................ 14

*Conley v. Gibson*,
  355 U.S. 41 (1957) ................................................................................................. 3

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

*Cox v. Gurma*,
No. 12-CV-06502-YGR, 2013 U.S. Dist. LEXIS 97207 (N.D. Cal. July 11, 2013) ............... 17

*Fantasy, Inc. v. Fogerty*,
984 F.2d 1524 (9th Cir. 1993) .......................................................................... 21

*Fid. & Deposit Co. of Md. v. Dally*,
148 Wn. App. 739 (2009) ................................................................................. 12

*Fieldstone Co. v. Briggs Plumbing Prods., Inc.*,
54 Cal. App. 4th 357 (1997) ............................................................................ 13

*First Nationwide Sav. v. Perry*,
11 Cal. App. 4th 1657 (1992) .......................................................................... 20

*Forman v. Davis*,
371 U.S. 178 (1962) ........................................................................................ 24

*Fortyune v. Am. Multi-Cinema, Inc.*,
2002 U.S. Dist. LEXIS 27960 (C.D. Cal. Oct. 21, 2002) .................................... 19

*Franklin Fueling Sys. v. Veeder-Root Co.*,
2009 U.S. Dist. LEXIS 72953 (E.D. Cal. 2009) ................................................ 23

*Freeman v. Time, Inc.*,
68 F.3d 285 (9th Cir. 1995) .............................................................................. 9

*Garrison v. Whole Foods Market California, Inc.*,
U.S.D.C. N.D. Cal. Case No. 14-cv-00334-VC, Dkt. #30 (June 2, 2014) ............................... 11

*Garrison v. Whole Foods Market Group, Inc.*,
U.S.D.C. N.D. Cal. Case No. 13-cv-05222-VC, Dkt. #37 (June 2, 2014) ...................... passim

*Gilligan v. Jamco Dev. Corp.*,
108 F.3d 246 (9th Cir. 1997) ............................................................................ 3

*Gordon v. Church & Dwight Co.*,
2010 WL 1341184 (N.D. Cal. Apr. 2, 2010) .................................................... 18

*Gottsdanker v. Cutter Labs.*,
182 Cal. App. 2d 602 (1960) ............................................................................ 13

*Hairston v. S. Beach Beverage Co.*,
2012 WL 1893818 (C.D. Cal. May 18, 2012) .................................................... 9

*Hardin v. American Elec. Power*,
188 F.R.D. 509 (S.D. Ind. 1999) ....................................................................... 22

*Henderson v. Gruma Corp.*,
2011 U.S. Dist. LEXIS 41077 (C.D. Cal. Apr. 11, 2011) .................................... 19

*In re Conagra*,
2013 US Dist. LEXIS 117389 (C.D. Cal. Aug. 12, 2013) .................................... 18

*In re Ferrero Litig.*,
794 F. Supp. 2d 1107 (S.D. Cal. 2011) ............................................................ 23

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

*In re Frito-Lay N. Am., Inc. All Natural Litig.,*
2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) ........................................................... 5

*In re TFT-LCD (Flat Panel) Antitrust Litig.,*
2011 U.S. Dist. LEXIS 110635 (N.D. Cal. Sept. 28, 2011) ................................... 20

*Jadwin v. County of Kern,*
2007 U.S. Dist. LEXIS 81126 (E.D. Cal. 2007) ...................................................... 21

*Janney v. Mills,*
2014 WL 1266299 (N.D. Cal. Mar. 26, 2014 ............................................................ 7

*Jones v. ConAgra Foods, Inc.,*
912 F. Supp. 2d 889 (N.D. Cal. 2012) ........................................................... 16, 20

*Justis v. Atchison, T. & S. F. R. Co.,*
12 Cal. App. 639 (1910) ........................................................................................ 12

*Kane v. Chobani,*
2013 WL 5289253 (N.D. Cal. Sept. 19, 2013) ................................................... 7, 10

*Kearns v. Ford Motor Co.,*
567 F.3d 1120 (9th Cir. 2009) ............................................................................... 10

*Keith v. Buchanan,*
173 Cal. App. 3d 13 (1985) ................................................................................... 15

*Khasin v. Hershey Co.,*
U.S. Dist LEXIS 161300 (N.D. Cal. November 9, 2012) ....................................... 20

*Knievel v. ESPN,*
393 F.3d 1068 (9th Cir. 2005) ................................................................................. 3

*Kosta v. Del Monte Corp.,*
2013 U.S. Dist. LEXIS 69319 (N.D. Cal. May 15, 2013) .......................... 7, 18, 20

*Lam v. Gen. Mills, Inc.,*
859 F. Supp. 2d 1097 (N.D. Cal. 2012) ................................................................ 15

*Lanovaz v. Twinings N. Am., Inc.,*
2014 U.S. Dist. LEXIS 57535 (N.D. Cal. Apr. 24, 2014) ..................................... 19

*Larsen v. Trader Joe's Co.,*
2012 U.S. Dist. LEXIS 162404 (N.D. Cal. June 14, 2012) .................................... 20

*Lazar v. Trans Union, LLC,*
195 F.R.D. 665 (C.D. Cal. 2000) ........................................................................... 22

*Lectrodryer v. SeoulBank,*
77 Cal. App. 4th 723 (2000) .................................................................................. 20

*Linear Technology Corp. v. Applied Materials, Inc.,*
152 Cal. App. 4th 115 (2007) ................................................................................ 14

*Manchouck v. Mondelez Int'l Inc.,*
2013 WL 5400285 (N.D. Cal. Sept. 26, 2013) ........................................................ 9

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800


*McKell v. Washington Mutual, Inc.*,
142 Cal. App. 4th 1457 (2006) ........................................................................ 14

*McKinnis v. Gen. Mills*,
2007 WL 4762172 (C.D. Cal. Sept. 18, 2007) .................................................. 10

*McKinniss v. Sunny Delight Beverages Co.*,
2007 WL 4766525 (C.D. Cal. Sept. 4, 2007) ...................................................... 9

*Nabors v. Google, Inc.*,
2011 WL 3861893 (N.D. Cal. Aug. 30, 2011) ................................................... 16

*Park v. Morgan Stanley & Co.*,
2012 WL 589653 (C.D. Cal. Feb. 22, 2012) ..................................................... 13

*Paulsen v. CNF, Inc.*,
391 F. Supp. 2d 804 (N.D. Cal. 2005) ................................................................ 3

*Pessin v. Keeneland Ass'n.*,
45 F.R.D. 10 (E.D. Ky. 1968) ........................................................................... 23

*Pigford v. Veneman*,
215 F.R.D. 2 (D.C.C. 2003) .............................................................................. 22

*Rawson v. Sears Roebuck & Co.*,
585 F. Supp. 1393 (D.D.C. 1984) ..................................................................... 22

*Rhinerson v. Van's International Foods, Inc.*,
U.S.D.C. N.D. Cal. Case No. 13-cv-05923-VC, Dkt. #1 (December 20, 2013) .................... 11

*Rhinerson v. Van's International Foods, Inc.*,
U.S.D.C. N.D. Cal. Case No. 13-cv-05923-VC, Dkt. #19 (February 21, 2014) .................... 11

*Rhinerson v. Van's International Foods, Inc.*,
U.S.D.C. N.D. Cal. Case No. 13-cv-05923-VC, Dkt. #50 (July 2, 2014) .................... 7, 11, 16

*Rosales v. FitFlop*,
882 F. Supp. 2d 1168 (S.D. Cal. 2012) ............................................................. 23

*Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*,
806 F.2d 1393 (9th Cir. 1986). ......................................................................... 24

*Stuart v. Cadbury Adams USA, LLC*,
458 Fed. Appx. 689 (9th Cir. 2011) .................................................................... 9

*Sugawara v. Pepsico, Inc.*,
2009 WL 1439115 (E.D. Cal. May 21, 2009) ..................................................... 9

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ............................................................................ 23

*Syntek Semiconductor Co. v. Microchip Tech., Inc.*,
307 F.3d 775 (9th Cir. 2002) ............................................................................ 16

*Taradejna v. General Mills, Inc.*,
909 F. Supp. 2d 1128 (D. Minn. 2012) .............................................................. 18

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

–v–

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

*Thomas v. Costco Wholesale Corp.*,
   2013 WL 1435292 (N.D. Cal. Apr. 9, 2013) ................................................ 10

*Thurston v. Bear Naked, Inc.*,
   2013 US Dist. LEXIS 151490 (S.D. Cal. July 30, 2013) ............................... 7

*Unihan Corp. v. Max Group Corp.*,
   2011 U.S. Dist. LEXIS 148796 (C.D. Cal. Dec. 28, 2011) ........................... 12

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ..................................................................... 23

*Vicuna v. Alexia Foods, Inc.*,
   2012 U.S. Dist. LEXIS 59408 (N.D. Cal. April 27, 2012) ........................... 20

*Videtto v. Kellogg USA*,
   2009 WL 1439086 (E.D. Cal. May 21, 2009) ............................................... 9

*Viggiano v. Hansen Natural Corp.*,
   944 F. Supp. 2d 877 (C.D. Cal. 2013) ......................................................... 16

*Von Koenig v. Snapple Beverage Corp.*,
   713 F. Supp. 2d 1066 (E.D. Cal. 2010) ....................................................... 23

*Wailua Assocs. v. Aetna Cas. & Sur. Co.*,
   183 F.R.D. 550 (D.C. Haw. 1998) ............................................................... 22

*Weinstad v. Dentsply Internat. Inc.*,
   180 Cal. App. 4th 1213 (2010) ................................................................... 14

*Williams v. Gerber Prods. Co.*,
   552 F.3d 934 (9th Cir. 2008) ............................................................... passim

*Wilson v. Frito-Lay N. Am., Inc.*,
   961 F. Supp. 2d 1134 (N.D. Cal. 2013) ...................................................... 10

*Windham at Carmel Mountain Ranch Assn v. Superior Court*,
   109 Cal. App. 4th 1162 (2003) ................................................................... 13


**<u>Rules</u>**

Fed. R. Civ. P. 8(a)(2) ....................................................................................... 3

Fed. R. Civ. P. 9(b) ......................................................................................... 23

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 3

Fed. R. Civ. P. 12(f) ................................................................................. 21, 22

Fed. R. Civ. P. 15(a)(2) ................................................................................... 24

Fed. R. Civ. P. 23(b)(2) ................................................................................... 19


**<u>Treatises</u>**

5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* (1990),
   § 1382 ........................................................................................................ 21

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## I.       INTRODUCTION

Defendant Hain Celestial Group, Inc. ("Defendant" and/or "Hain"), like many of its competitors, has sought to capitalize on the "all natural" consumer craze, but has done so through deceptive advertising. In fact, each of the two supposedly "all natural" Earth's Best frozen waffle products (the "Products") Plaintiff identifies in her Complaint contains a synthetic substance known as Sodium Acid Pyrophosphate ("SAPP"). Indeed, it is undisputed that the Products contain SAPP, and that SAPP can only be manufactured through a chemical process, yet Hain labels the Products "all natural." Through the instant lawsuit, Plaintiff Ana Ham intends to compel Hain to correct these practices and pay damages to those who were duped by the fraud.

On July 30, 2014, Hain filed a Motion to Dismiss (the "Motion") each of Plaintiff's claims, as well as Plaintiff's request for Injunctive Relief and certain allegations regarding Hain's deceptive statements. Tellingly, the Motion never asserts that SAPP is natural. Instead, Hain spends most of its Motion touting its allegedly proper organic statement, which is no more relevant than whether Hain properly listed the Products' net weight as nine ounces. While Hain asserts that Plaintiff cannot request injunctive relief, trial judges within this District disagree, particularly where, as here, discovery is ongoing. Hain also asserts that a claim for unjust enrichment cannot survive as a matter of law, but many opinions reach the opposite conclusion. Hain opaquely requests that the Court dismiss certain statements within the pleadings (which Plaintiff takes to be a request to strike allegations). Hain, unable to find fatal defects, asks this Court to force Plaintiff to remove true statements about Hain's misconduct simply because the allegations, standing alone, do not support a claim for relief. Neither federal nor California authority supports this distorted analysis. Finally, each of Plaintiff's claims was pled with the required particularity and, as a result, none should be dismissed.

This Court should deny the Motion to Dismiss in its entirety. To the extent this Court finds otherwise, Plaintiff should be allowed to amend her Complaint.

## II.        STATEMENT OF FACTS

This is a factually simple case – Hain labels the Products as all natural and that labeling is pled as being fraudulent. *See generally*, Complaint ("CMP"). Plaintiff adequately pled her false advertising, fraud, breach of contract, breach of express warranty, and unjust enrichment claims, both on her own behalf and on behalf of the two classes of consumers, all of whom purchased Hain's "all natural" frozen waffles. *See generally*, CMP. In her Complaint, Plaintiff alleges that varieties of Defendant's waffles (i.e., "Earth's Best Organic Mini Waffles (Blueberry)" and "Earth's Best Organic Mini Waffles (Homestyle)") (collectively, the "Products")) contain the synthetic substance Sodium Acid Pyrophosphate, despite being prominently labeled as "all natural," a statement included on the Product's packaging, on Hain's website, and throughout advertising. *See* CMP ¶¶ 3, 27, 58-59, 79.

Despite its claims, Hain's Products are not "all natural." CMP ¶¶ 1, 3, 29-30. Indeed, each of the Products contains Sodium Acid Pyrophosphate, an odorless white powder (aka disodium dihydrogen pyrophosphate and/or disodium pyrophosphate; hereinafter, "SAPP"). CMP ¶¶ 28-30. Not only is SAPP a synthetic substance, but its use can also lead to imbalanced levels of minerals in the body as well as bone loss, health results that run counter to the reasons why this niche market would pay more for "all natural" food in the first place. CMP ¶ 29.

Plaintiff relied on Hain's representations – stated directly on the packaging – that the Products were "all natural" and, in turn, was motivated to pay a premium price for them. CMP ¶¶ 10-12. Had Plaintiff known the truth, she would not have purchased the Products, instead opting for waffles that were truly "all natural" or, if no such waffles existed, a non-natural (and thus cheaper) alternative, or would not have bought waffles at all. CMP ¶ 13.

In addition to these core allegations regarding statements on the Products' labels, Plaintiff has provided additional context relevant to reveal Hain's intentionally misleading conduct. For instance, Plaintiff alleges what seems axiomatic to begin with: Hain knew its "all natural" statements were false. CMP ¶¶ 55-61. Moreover, Hain published the same misleading statements on its website. *See* CMP ¶¶ 3, 27, 58-59, 79.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

Based on, *inter alia*, the above allegations, Plaintiff asserts the following claims individually and collectively: (1) deceptive advertising practices; (2) violation of the Consumer Legal Remedies Act; (3) common law fraud; (4) negligent misrepresentation; (5) breach of express warranty; (6) breach of contract; (7) unfair business practices; and (8) quasi-contract/unjust enrichment. *See generally*, CMP.

## III.   LEGAL ARGUMENT

### A.   <u>STANDARD OF REVIEW</u>

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and grounds upon which it rests." Fed. R. Civ. P. 8(a)(2)[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A Rule 12(b)(6) motion only tests the sufficiency of the complaint and not any extrinsic evidence. *Paulsen v. CNF, Inc.*, 391 F. Supp. 2d 804, 807 (N.D. Cal. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*") (quoting *Twombly* at 570). Where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the claims are facially plausible. *Id.* at 678 (citing *Twombly* at 555). Claims are also facially plausible if the pleader alleges "enough fact to raise a reasonable expectation that discovery will reveal evidence" of the plaintiff's claim. *Twombly* at 556.

Motions to dismiss under Rule 12(b)(6) are "viewed with disfavor" and are "rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). Furthermore, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

---

[1]   For a discussion of Fed. R. Civ. P. 9's implications, *see* Section IV.A below.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

**B.      PLAINTIFF ADEQUATELY PLED PLAUSIBLE CLAIMS WITH THE REQUIRED PARTICULARITY**

**1.      Plaintiff Sufficiently Pled a False Advertising Claim**

**a.      Plaintiff Plausibly Alleged SAPP is Not All Natural**

Plaintiff *plausibly* alleges that SAPP is not an "all natural" ingredient. CMP ¶¶ 28-30. Although no hard and fast definition is required at the pleading stage, the widely accepted understanding of the term "all natural" is consistent among many authorities, including the FDA, USDA and Webster's Dictionary: "natural" means derived from nature and thereafter minimally processed. CMP ¶¶ 44-49. As the FDA specifically proclaimed in its November 16, 2011 warning letter to Alexia Foods Inc., **SAPP is not natural**.[2] Indeed, as Plaintiff's Complaint clearly alleges, SAPP is not derived from nature and can only be created by humans through a chemical process; it therefore cannot be considered "natural" under any definition of the word.[3] CMP ¶¶ 28-30, 45-50. Further, because SAPP is not derived from nature, the Court need not reach the thorny question of whether SAPP was "minimally processed."

**b.      Reasonable Consumers Expect That Products Labeled "All Natural" Do Not Contain SAPP**

As Plaintiff alleges, she and other reasonable consumers would not expect a synthetic chemical – such as SAPP – to be included as an ingredient of a product labeled "all natural." *See generally,* CMP. Defendant misconstrues the legal analysis by arguing that the Products are "not deceptive under the FDA's informal policy for 'natural' because a leavening agent is 'not unexpected' in a packaged food product." Motion at 10:5-6. Has Plaintiff sued because a leavening

_____

[2]      In the only ruling of its kind, the FDA warns Alexia's CEO that the use of the phrase "all natural" on its Roasted Red Potatoes & Baby Portabella Mushrooms product was a misbranding violation of 21 U.S.C. 343(a)(1), because the product contained SAPP. November 16, 2011 U.S. Food and Drug Administration Warning Letter to Alexia Foods, Inc., attached to the Request for Judicial Notice in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint ("RJN") as Exhibit "A," also available at http://www.fda.gov/ICECI/EnforcementActions/Warning Letters/ucm281118.htm. That the FDA identifies the SAPP used in Alexia's product as a preservative (versus a leavening agent) has no bearing on its synthetic nature which remains constant regardless of how it is used.

[3]      Plaintiff notes several similar, workable definitions of "natural" in her Complaint to show that, regardless of the particular definition this Court ultimately adopts, a reasonable consumer would believe that "natural" means, at bottom, derived from nature. Whether the Court accepts one of the definitions noted in Plaintiff's Complaint or crafts its own, such a decision is improper now and should be deferred until the summary judgment phase.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1 agent was used? No. Thus, there is no reason to analyze whether consumers expect frozen waffles to

2 contain a *leavening agent*; rather, this Court must analyze whether consumers expect an unnatural,

3 chemical ingredient synthesized in a laboratory, to be used in a food product labeled "all natural."

4 Such an exception is particularly well-founded where, as here, Defendant could have chosen to use

5 an all natural leavening agent, as many of its competitors do.

6      Even if SAPP were the most common type of leavening agent used, a point which Hain has

7 not asserted, much less proven, that still would not change the analysis; the relevant question is

8 whether reasonable consumers would expect Hain's products, touted as "all natural," to contain the

9 synthetic ingredient, SAPP, and the Complaint plausibly pleads that they would not. CMP ¶¶ 45-

10 51. The argument that consumers should expect SAPP to be used as a leavening agent because it is

11 (supposedly) a common leavening agent has been wholly rejected by the Northern District. As Judge

12 Chen observed in *Astiana v. Dreyer's*, this argument is "problematic because, even though [an

13 ingredient] is commonly used, that does not necessarily mean that a reasonable consumer would

14 expect it to be used – *i.e.*, normally used does not necessarily imply normally expected; a reasonable

15 consumer may not have the same knowledge as, *e.g.*, a commercial manufacturer." *Astiana v.

16 Dreyer's Grand Ice Cream, Inc.,* 2012 U.S. Dist. LEXIS 10137, *32 (N.D. Cal. 2012) ("*Astiana v.

17 Dreyer's*"). "That 'organic' means GMO-free says nothing about whether a reasonable consumer

18 would understand the term 'natural' to mean the same. Nor can the Court conclude that a reasonable

19 consumer, or any consumer, is aware of and understands the various federal agencies' views on the

20 term 'natural.'" *Garrison v. Whole Foods Market Group, Inc.*, U.S.D.C. N.D. Cal. Case No. 13-cv-

21 05222-VC, Dkt. #37 (June 2, 2014) ("*Garrison I*") at 5:15-6:1 (citing *In re Frito-Lay N. Am., Inc. All

22 Natural Litig.*, No. 12-md-2413 (RRM) (RLM), 2013 WL 4647512, at *15 (E.D.N.Y. Aug. 29,

23 2013)).[4] Indeed, as Plaintiff's Complaint plausibly pleads, whether SAPP is common or not, a

24 reasonable consumer would expect Hain to use "all natural" leavening agents – which are widely

25 available and used by Hain's direct competitors – in its "all natural" Products. CMP ¶ 51.

26

27

28 [4]     RJN at Exhibit "B."

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1    Defendant confuses the implications of an unnatural ingredient with the use of a "synthetic

2    process," arguing, "Plaintiff does not and cannot allege that a reasonable consumer of packaged

3    frozen waffles believes that no ingredient in the product would have been subject to some arguably

4    <u>synthetic process</u>." Motion at 11:5-7 (emphasis added). **Defendant misses the point.** Plaintiff

5    alleged that SAPP is a <u>synthetic ingredient</u> (i.e., molecules combined with a chemical reaction)[5], not

6    a natural ingredient that was processed (i.e., an apple that was peeled, cut, baked, and pureed to

7    make applesauce). CMP ¶ 29.

8    Defendant also argues that a reasonable consumer expects frozen waffles to undergo some

9    processing, condescendingly adding, "anyone exercising basic common sense realizes that a

10   packaged product, even if it is made of natural ingredients, must undergo some form of man-made

11   processing." Motion at 10:25-27. As Defendant well knows, however, the fact that packaged

12   products contain processed ingredients is precisely the reason consumers look for, and pay a

13   premium for, packaged products made of all natural *ingredients*. These Products, however, are not

14   "made of natural ingredients."

15       **c.   <u>Plaintiff Alleged Reasonable Reliance on Hain's Misleading
16              Statement</u>**

17   Plaintiff has sufficiently pled that a reasonable consumer would have been deceived by

18   Hain's "all natural" claims. CMP ¶¶ 40-43, 62-69. As the Complaint plainly alleges, all of Plaintiff's

19   claims are based on Defendant's repeated representations that each of the Products at issue are "all

20   natural." *See* CMP ¶¶ 1, 3, 10-11, 29-30, 52-54, 71, 74, 89, 91, 99, 107, 113 119, 125, 136; *see also*

21   Attachment A (depicting Hain's "all natural" claim on each Product's package). It is more than just

22   plausible that Plaintiff saw and relied on these representations when she bought the Products, as she

23   alleges in the Complaint. CMP ¶¶ 10-11; s*ee Garrison I* at 4:4-7 ("it is plausible that a reasonable

24   consumer—regardless of the precise definition of natural to which that consumer adheres—could

---

25   ⁵      The process for creating SAPP requires "partial neutralization of phosphoric acid ($H_3PO_4$)
26   with sodium hydroxide ($NaOH$) or sodium carbonate ($Na_2CO_3$) to form monosodium phosphate
     ($NaH_2PO_4$) [followed by] dehydration of monosodium phosphate at approximately 250° C to form
27   SAPP ($Na_2H_2P_2O_7$)." USDA Technical Evaluation Report on Sodium Acid Pyrophosphate, dated
     September 17, 2010, p. 5, attached to the RJN as Exhibit "G," and also available at
28   http://www.ams.usda.gov/AMSv1.0/getfile?dDoc Name=STELPRDC5088984.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1   interpret the words 'all natural' to exclude synthetic compounds such as SAPP, and therefore be

2   misled by Whole Foods' labeling [*sic*]. At this stage, that is sufficient.");[6] *Rhinerson v. Van's*

3   *International Foods, Inc.*, U.S.D.C. N.D. Cal. Case No. 13-cv-05923-VC, Dkt. #50 (July 2, 2014)

4   ("*Rhinerson* Order") (same);[7] *Kosta v. Del Monte Corp.*, 2013 U.S. Dist. LEXIS 69319, *37 (N.D.

5   Cal. May 15, 2013) ("*Kosta*") (finding plausible that a reasonable consumer would rely on "front of

6   the package" labeling claims like "fresh," "all natural," and "a natural source of antioxidants" and,

7   after not identifying any chemical preservatives in the ingredients, believe that the product is fresh

8   cut fruit and thus be influenced to purchase it).

9        Here, the fact that the Products' ingredient lists contains a reference to SAPP does not change

10  a reasonable consumer's plausible reliance on Hain's "all natural" claims since that consumer would

11  not be expected to know that SAPP is a synthetic substance. *See* CMP ¶¶ 40-41; *see  Garrison I* at

12  5:7-14 (citing *Janney v. Mills,* 2014 WL 1266299, at *8 (N.D. Cal. Mar. 26, 2014) ("I will not

13  conclude as a matter of law that a reasonable consumer should be expected to know that the

14  ingredients high fructose corn syrup, high maltose corn syrup, and maltodextrin are not natural.");[8]

15  *Williams v. Gerber Prods. Co.,* 552 F.3d 934, 939 (9th Cir. 2008) ("the statement that Fruit Juice

16  Snacks was made with 'fruit juice and other all natural ingredients' could easily be interpreted by

17  consumers as a claim that all the ingredients in the product were natural, which appears to be false");

18  *Astiana v. Dreyer's* (finding a reasonable consumer could have expected that defendant would use

19  all-natural alkalizing agents in processing the cocoa contained in its premium ice cream even if non-

20  natural agents were commonly used and when its ingredient list did not specify how the cocoa was

21  alkalized); *Thurston v. Bear Naked, Inc*., 2013 US Dist. LEXIS 151490, *26-27 (S.D. Cal. July 30,

22  2013) (finding plaintiffs sufficiently showed that defendant's "all natural" claims were not just

23  plausible ***but materially false and certifying the class of consumers deceived by them***). This case is

24  not like *Kane v. Chobani*, where consumers are familiar with the allegedly unnatural ingredient

25  listed on the label. *Kane v. Chobani*, No. 12-2425, 2013 WL 5289253 (N.D. Cal. Sept. 19, 2013)

26

27  [6]    RJN at Exhibit "B."
    [7]    RJN at Exhibit "C."
28  [8]    RJN at Exhibit "B."

1   ("all natural claim" dismissed where only unnatural ingredient identified was fruit juice, which was

2   listed as ingredient). In this case, the ordinary consumer does not know what SAPP is or how it is

3   made.

4        Defendant does not dispute either of these points. Instead, Defendant makes the absurd

5   argument that a reasonable consumer would not believe that its frozen waffles are "all natural"

6   because they do not grow on frozen waffle trees.[9] This argument was already dubbed "hardly worth

7   addressing" by this Court. *See Astiana v. Dreyer's* at *28-29. Here, like in *Astiana v. Dreyer's*,

8   Plaintiff does not plead Hain waffles spring directly from the earth; rather, Plaintiff alleges that the

9   "all natural" label on Hain's packages promise they contain only natural ingredients. CMP ¶¶ 11,

10  113. This statement is patently untrue.

11       Defendant then argues that Plaintiff has not alleged that a reasonable consumer would

12  consider SAPP to be an "unexpected" ingredient. Motion at 11:12-14. Not so. Plaintiff alleges, *inter*

13  *alia*, that "Representative Plaintiff and class members [] were misled into purchasing the Products…

14  [and] ingested a substance that was other than what was represented by Defendant and that

15  Representative Plaintiff and class members did not expect or give informed consent to." CMP ¶ 68

16  (emphasis added). Plaintiff also alleges: "Defendant's false, misleading, and deceptive

17  misrepresentations and omissions were intended to deceive and mislead, and are likely to continue to

18  deceive and mislead, Representative Plaintiff, class members, reasonable consumers, and the general

19  public. CMP ¶ 66 (emphasis added).  The pleadings make abundantly clear that the unexpected

20  unnatural ingredient is SAPP. *See generally*, CMP.

21       To prop up its argument that Plaintiff should have expected SAPP in Hain's frozen waffles,

22  Defendant cites obvious cases where consumers unreasonably attributed claims to products that

23

24  [9]      Hain hangs the bulk of its implausibility argument on Judge Walter's odd decision in *Pelayo v. Nestle USA, Inc.*, 2013 U.S. Dist. LEXIS 15443 (C.D. Cal. Oct. 25, 2013) where the court

25  determined that the Webster's Dictionary definition of "natural," meaning "produced or existing in nature," could not apply to Buitoni Pastas since the reasonable consumer knows that pasta is not

26  "springing fully-formed from Ravioli trees and Tortellini bushes." This strange opinion, which improperly required the plaintiff to plead a "plausible" definition of all natural, is the only outlier. In

27  fact, this argument has been rejected outright by this Court before, and it should be again. *See Astiana v. Dreyer's* at *28-29. In any case, Plaintiff here has alleged a plausible definition of all

28  natural.

Memorandum of Points & Authorities in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1   never promised them. For instance, in *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995), the

2   plaintiff alleged that a sweepstakes misled him into thinking he had won the grand prize, when the

3   mailing stated, at least three times, that you can win "<u>if</u> you return your entry" **and** "<u>one of your</u>

4   <u>numbers is the grand prize winner.</u>" *Id.* (emphasis added). In *Stuart v. Cadbury Adams USA, LLC*,

5   458 Fed. Appx. 689, 690-91 (9th Cir. 2011), a consumer alleged that defendant's claim that its

6   Trident gum whitens teeth was false where the gum was proven to remove stains on teeth which,

7   allegedly, does not whiten teeth and, further, that Trident's failure to inform consumers that they

8   must brush and floss regularly was an omission constituting fraud. In *Carrera v. Dreyer's Grand Ice*

9   *Cream, Inc.*, 475 Fed. Appx. 113, 115 (9th Cir. 2012), a consumer argued that he was tricked into

10  thinking Drumstick ice cream cones were healthier than competitors' because the labels included the

11  words, "Original" or "Classic." The consumer in *Carrera* also argued that the words "Original

12  Vanilla" next to "<u>artificially</u> flavored" somehow <u>indicated</u> that the ingredients were <u>natural</u>. *Id.*

13  (emphasis added). These fact patterns, while entertaining, bear no resemblance to the allegations

14  here.

15          Defendant also cites a slew of cases where courts properly found that food product labels did

16  not promise the health claims attributed to them by the plaintiff-consumer. *See Manchouck v.*

17  *Mondelez Int'l Inc.*, No. 13-2148, 2013 WL 5400285 (N.D. Cal. Sept. 26, 2013) (statement that Fig

18  Newton cookies are "made with real fruit" where fruit puree is used is not misleading); *Videtto v.*

19  *Kellogg USA*, No. 08-1324, 2009 WL 1439086 (E.D. Cal. May 21, 2009) (pictures of fruit on box

20  and word "froot" in name did not suggest actual fruit inside versus fruit flavors); *Sugawara v.*

21  *Pepsico, Inc.*, No. 08-1335, 2009 WL 1439115 (E.D. Cal. May 21, 2009) (Cap'n Crunch

22  Crunchberries cereal label which depicts pieces of cereal shaped like berries does not suggest it

23  contained "real, nutritious fruit"); *McKinniss v. Sunny Delight Beverages Co.*, No. 07-2034, 2007

24  WL 4766525 (C.D. Cal. Sept. 4, 2007) (pictures of fruit and fruit in names of Sunny D. beverages

25  did not suggest that "products contain significant amounts of real fruit"); *Hairston v. S. Beach*

26  *Beverage Co.*, No. 12-1429, 2012 WL 1893818 (C.D. Cal. May 18, 2012) (fruit in names of SoBe

27  Lifewater beverages did not suggest that product contained fruit and "all natural with vitamins" did

28  not suggest that the vitamins were all natural); *McKinnis v. Gen. Mills*, No. 07-2521, 2007 WL

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1   4762172 (C.D. Cal. Sept. 18, 2007) ( "natural fruit flavors" on, among other products, Trix cereal

2   box did not suggest that real fruit or fruit juice was used as opposed to fruit flavors). None of these

3   cases resemble the instant circumstance where the only health claim at issue (i.e., "all natural") is

4   indisputably written on the Products' labels.

5       Finally, Plaintiff alleged that her reasonable reliance on the misleading statements induced

6   her to purchase the Products. "Representative Plaintiff and members of both classes reasonably

7   believed the Products they purchased were "all natural" and relied on this representation in making

8   the purchases thereof." CMP ¶ 10.[10] As such, Plaintiff has sufficiently pled all elements of her false

9   advertising claim.

10                  **d.   Organic Status Is Irrelevant to Plaintiff's All Natural Claims**

11      Defendant's Motion focuses mostly on irrelevant portions of the Products' labels, namely the

12  statements that the Products are organic. Defendant makes the non sequitur that if a product's label

13  correctly states that it is organic, then the product is permitted to be falsely labeled "all natural."

14  Hain criticizes Plaintiff's Complaint because the challenged ingredient, SAPP, is sanctioned by the

15  USDA as an acceptable synthetic leavening ingredient for organic foods, which is "why the USDA

16  has authorized the use of the 'USDA Organic' seal on Earth's Best Organic Mini Waffles." Motion

17  at 9:8-11. Hain does not and cannot claim that the USDA authorized SAPP in natural products. The

18  organic discussion is nothing but a distraction from the simple truth that the Products are labeled "all

19  natural" but contain an unnatural ingredient. In fact, the FDA classifies SAPP as a synthetic

20  ingredient. RJN at Exhibit "A." Indeed, SAPP would not qualify as natural under the FDA or USDA

21  definitions. *See* CMP ¶¶ 47, 49.

22

23

---

24  [10]    Defendant relies on distinguishable cases involving numerous pleading deficiencies and
    incredibly vague allegations, unlike the pleadings at issue here. *See Thomas v. Costco Wholesale*
25  *Corp.*, No. 12-2908, 2013 WL 1435292 (N.D. Cal. Apr. 9, 2013) (dismissed because of numerous
    pleading deficiencies where plaintiff failed to allege which products were at issue, which statements
26  were misleading, and which statements were relied upon); *Wilson v. Frito-Lay N. Am., Inc.*, 961 F.
    Supp. 2d 1134 (N.D. Cal. 2013) (plaintiff failed to allege how the particular ingredient rendered
27  product mislabeled); *Kane v. Chobani*, 973 F. Supp. 2d 1120 (N.D. Cal. 2014) (same); *Kearns v.*
    *Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) (plaintiff failed to allege which statements he relied
28  on).

---

Memorandum of Points & Authorities in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Contrary to Defendant's assertions, a false "all natural" label on an organic product does not present a novel issue. Indeed, the Northern District has already ruled on three strikingly similar cases wherein the plaintiff alleged that a frozen waffle containing SAPP was falsely labeled "all natural."[11] In fact, in one of those cases the defendant asserted – and lost – the exact same argument that Hain asserts here: "Recognition by the National Organic Program ("NOP") that this baking powder ingredient may be used as a leavening agent in products labeled as "*organic*" (see 7 C.F.R. § 205.605) further supports Vans' choice to include SAPP baking powder in its natural-labeled products."[12] In another case, Judge Chhabria ruled that a product being organic is not relevant to a motion to dismiss a misleading claim regarding "all natural." *See Garrison I* at 5:15-6:1 ("At this stage, however, there is no evidence in the record that reasonable consumers are even aware of the USDA regulations regarding the definition of the term 'organic,' let alone that these consumers assume that definition applies to 'natural' foods as well.") (internal citations omitted).[13] Indeed, the same exact analysis governs the false "all natural" labeling of an organic product as governs a non-organic product. *Rhinerson* Order at 2:22-25 (applying the same reasoning from case regarding non-organic products to a case regarding organic products in refusing to dismiss all natural claims);[14] *see also Garrison v. Whole Foods Market California, Inc.*, U.S.D.C. N.D. Cal. Case No. 14-cv-00334-VC, Dkt. #30 (June 2, 2014) ("*Garrison II*")[15] (refusing to dismiss false advertising claims regarding mislabeled "all natural" frozen waffle containing SAPP).

A scan of any local grocery store reveals customers' preferences (and thus, understanding) of "organic" and "all natural" labels:  items on the store's periphery, such as fruits and vegetables,

---

[11]     *See* RJN at Exhibit "B," *Garrison v. Whole Foods Market Group, Inc.*, U.S.D.C. N.D. Cal. Case No. 13-cv-05222-VC, Dkt. #37 (June 2, 2014) ("*Garrison I*"), Exhibit "C," *Rhinerson v. Van's International Foods, Inc.*, U.S.D.C. N.D. Cal. Case No. 13-cv-05923-VC, Dkt. #50 (July 2, 2014) ("*Rhinerson* Order") (*see* RJN at Exhibit "D," for Complaint for Damages, Injunctive Relief, and Restitution, *Rhinerson v. Van's International Foods, Inc.*, U.S.D.C. N.D. Cal. Case No. 13-cv-05923-VC, Dkt. #1 (December 20, 2013)), and Exhibit "E," *Garrison v. Whole Foods Market California, Inc.*, U.S.D.C. N.D. Cal. Case No. 14-cv-00334-VC, Dkt. #30 (June 2, 2014) ("*Garrison II*").

[12]     *See* RJN at Exhibit "F," Defendant Van's International Foods, Inc.'s Notice of Motion and Motion to Dismiss, *Rhinerson v. Van's International Foods, Inc*., U.S.D.C. N.D. Cal. Case No. 13-cv-05923-VC, Dkt. #19 (February 21, 2014).

[13]     RJN at Exhibit "B."

[14]     RJN at Exhibit "C."

[15]     RJN at Exhibit "E."

Memorandum of Points & Authorities in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1   meat, eggs, juices, and nuts – tend to be products that are obviously natural so consumers seek out

2   the organic label on them. On the other hand, the center store aisles tend to contain packaged

3   products where consumers seek out all natural labels because they cannot tell, at first glance,

4   whether a packaged product contains all natural ingredients.

5       In this case, Hain labels its frozen waffle Products "all natural." The Products contain the

6   chemical ingredient, SAPP, which is not natural. Thus, the "all natural" claim is false and

7   misleading.

8               **2.      Plaintiff Sufficiently Pled a Claim for Breach of Contract**

9       "A cause of action for breach of contract requires proof of the following elements:

10  (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance;

11  (3) defendant's breach; and (4) damages to plaintiff as a result of the breach."[16] In all relevant

12  jurisdictions, a breach of a contract's terms gives rise to a claim for damages. *See* Restat. 2d of

13  Contracts, § 236 ("Every breach gives rise to a claim for damages, and may give rise to other

14  remedies. Even if the injured party sustains no pecuniary loss or is unable to show such loss with

15  sufficient certainty, she has at least a claim for nominal damages.").

16      Plaintiff has sufficiently alleged a breach of contract: First, "Plaintiff and members of both

17  classes had a valid contract…, pursuant to which Defendant was obligated to provide food products

18  which were, in fact, 'All Natural,' as represented by Defendants."[17] CMP ¶ 119. Second, Plaintiff

19  performed by purchasing the products at issue. CMP ¶¶ 10-11. Third, "Defendant materially

20  breached ITS contract…by providing the Products, which were not 'all natural.'" CMP ¶ 120.

21  Fourth, "As a result of Defendant's breach, Representative Plaintiff and members of both classes

---

22  [16]      *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008); *see also Fid. &
23  Deposit Co. of Md. v. Dally*, 148 Wn. App. 739, 745 (2009) ("To prevail on a contract claim, the
    plaintiff must show an agreement between the parties, a party's duty under the agreement, and a
24  breach of that duty.").
    [17]      Contracts can be evidenced by introducing a receipt of purchase. "While the ticket purchased
25  by her, when considered alone, might be deemed merely a receipt, containing only a part of the
    contract made . . . it was evidence that there was a contract. It was evidence of the payment of her
26  fare and of her right to be carried according to its terms, even though it did not express all the terms
    of the contract" *Unihan Corp. v. Max Group Corp.*, 2011 U.S. Dist. LEXIS 148796 (C.D. Cal. Dec.
27  28, 2011) (quoting *Justis v. Atchison, T. & S. F. R. Co.*, 12 Cal. App. 639, 641 (1910) (holding that
    plaintiff had sufficiently alleged the existence of a contract by producing the ticket defendant sold
28  her)).

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

were damaged." CMP ¶ 121. Plaintiff's unambiguous allegations make Defendant's cited cases distinguishable. *See Park v. Morgan Stanley & Co.*, No. 11-9466, 2012 WL 589653 (C.D. Cal. Feb. 22, 2012) (financial advisors fail to allege relevant terms of contract). Here, Plaintiff alleged the relevant terms, including the term that was breached, the "all natural" promise.

Ignoring Plaintiff's primary complaint – that the "All Natural" label is misleading – Hain argues that Plaintiff's contract claim fails because SAPP is listed as an ingredient on the label. Plaintiff contracted to purchase an "All Natural" product but received a product with at least one synthetic ingredient, SAPP. The contract would obviously include Hain's promise to provide an "All Natural" product. Consumers do not have a duty to research every ingredient in each purchased product to validate health and nutritional claims displayed on labels. *Astiana v. Dreyer's* at *30-31; *Williams,* 552 F.3d at 939-40. Rather, Plaintiff had a duty to pay for a product, and Defendant had a duty to provide the product described. Hain breached that duty and caused Plaintiff's damages. The allegations are sufficient to support a breach of contract claim.

Although Defendant correctly implies that a breach of contract claim typically requires a buyer to stand in privity with a seller (*see* Motion at 13:26-28), it fails to mention two long-standing exceptions to this rule, both of which apply here. Plaintiff has properly pled a breach of contract claim since she meets both exceptions to the privity requirement. First, privity need not be established if the end consumer relied on written labels and advertisements of a manufacturer. *Clemens v. DaimlerChrysler Corp*, 534 F.3d 1017, 1023 (9th Cir. 2008) (citing *Burr v. Sherwin Williams Co.*, 42 Cal.2d 682 (1954). Here, Plaintiff's Complaint plainly alleges that Plaintiff relied on Hain's written labels and advertisements when purchasing the Products. CMP ¶¶ 10-11.

Second, privity is not required for a breach of contract claim when the products at issue are foodstuffs. *Id.* (citing *Burr,* 42 Cal.2d at 695; *Windham at Carmel Mountain Ranch Assn v. Superior Court,* 109 Cal. App. 4th 1162, 1169 (2003); *Fieldstone Co. v. Briggs Plumbing Prods., Inc.,* 54 Cal. App. 4th 357, 369 (1997); *Gottsdanker v. Cutter Labs.,* 182 Cal. App. 2d 602, 608 (1960)); *Aaronson v. Vital Pharms., Inc.*, 2010 U.S. Dist. LEXIS 14160, *13-14 (S.D. Cal. 2010). Here, all of Plaintiff's claims, including the breach of contract claim, focus on Hain's frozen waffle products – "foodstuffs." CMP ¶¶ 118-121.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1   Since Plaintiff meets two long-standing exceptions to the privity rule, the Court must find

2   that Plaintiff has properly alleged her breach of contract claim.

3   **3.     Plaintiff Sufficiently Pled A Common Law Claim For Breach Of Express**
         **Warranty**

4

5   Plaintiff has properly pled her common law claim for breach of express warranty. Motions to

6   dismiss deceptive advertising UCL claims are rarely granted. *Williams,* 552 F.3d 934. Indeed,

7   California courts have recognized that whether a business practice is deceptive will usually be a

8   question of fact not appropriate for decision at the pleading stage.[18]

9   A common law express warranty claim for relief must only allege "facts sufficient to show

10  that (1) the seller's statements constitute an affirmation of fact or promise or a description of the

11  goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached."

12  *Allen v. ConAgra Foods, Inc*., 2013 U.S. Dist. LEXIS 125607, *36 (N.D. Cal. 2013) (citing

13  *Weinstad v. Dentsply Internat., Inc*., 180 Cal. App. 4th 1213, 1227 (2010)). Plaintiff has done just

14  that.

15  First, Plaintiff's Complaint plainly alleges that Defendant sold and advertised the Products

16  with the "all natural" affirmations or promises and that Plaintiff reasonably relied thereon and was

17  resultantly injured. CMP ¶¶ 10-11, 110-111. Furthermore, for the same reasons stated above (*see*

18  Section III(B)(1)), the "all natural" promise can and has been objectively defined under the

19  reasonable consumer standard. As such, Plaintiff has met the first prong of the test.

20  To satisfy the second element, the Complaint need only allege facts to show the warranty

21  formed "*part* of the basis of the bargain," which it does. CMP ¶ 113 (alleging that the "all natural"

22  claim "became part of the basis of the bargain"). The fact that Plaintiff never alleged that she had (or

23  had not) read the ingredient list on the Products' packaging does not affect the analysis because this

24

---

25  [18]     *Id.* at 938-39 (citing *Linear Technology Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th
26  115, 134-35 (2007)  ("Whether a practice is deceptive, fraudulent, or unfair is generally a question of
    fact which requires 'consideration and weighing of evidence from both sides' and which usually
    cannot be made on demurrer" (quoting *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457,
27  1472 (2006))); *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197,
    210 (1983)  (finding demurrer inappropriate in case where parents alleged deceptive advertising of
28  sugar cereals))).

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

Court and the Ninth Circuit have ruled that a defendant "cannot rely on the ingredient list to correct any false or misleading statements on the front of its packaging." *Astiana v. Dreyer's* at *30-31; *Williams,* 552 F.3d at 939-40; ("Statements made by a manufacturer through its advertising efforts can be construed as warranty statements. A buyer does not need to show that she relied on such statements to the extent that she would not have made the purchase without them, but only that they played a role in her purchasing decision."); *Aaronson v. Vital Pharms., Inc*., 2010 U.S. Dist. LEXIS 14160, *17-18 (S.D. Cal. 2010) (citing *Keith v. Buchanan*, 173 Cal. App. 3d 13 (1985)).

As such, Plaintiff need not allege that she recognized the conflict between Defendant's ingredient list and the misleading "all natural" warranty to plead a proper breach of express warranty claim. Indeed, a reasonable consumer would <u>not</u> be put on notice that Defendant's Products contain synthetic ingredients simply by reading the packages' ingredient lists since those lists contain words not commonly understood by consumers (yet thoroughly understood by Defendant). *See Lam v. Gen. Mills, Inc.,* 859 F. Supp. 2d 1097, 1105 (N.D. Cal. 2012). For example, would a reasonable consumer be expected to know what SAPP is or that it's a synthetic ingredient? Plaintiff thinks not, just as she thinks reasonable consumers would not be expected to know that Glucono-Delta Lactone is an all-natural alternative to SAPP that could have been used to leaven Defendant's products. Indeed, if the law did not take into account the hundreds, if not thousands, of polysyllabic, unpronounceable ingredients in food products, consumers would need to take a notepad to the supermarket to record ingredients and health claims on potential purchases and then go home and Google each ingredient to verify them. Tellingly, although Defendant's Motion often suggests that a reasonable consumer would not be surprised to learn baking powder was used in packaged baked goods, it never argues that they would also know what SAPP is. *See, generally,* Motion.

Finally, Plaintiff's Complaint meets the third prong of the test as it plainly alleges a breach of express warranty. CMP ¶¶ 112-117 (Defendant expressly warrants, through its advertising, that the Products are "all natural" but since those Products contain SAPP, a known synthetic ingredient, it has breached the express warranty).[19] Defendant's cases are easily distinguishable. In *Nabors v.*

---

[19] Although the breach of express warranty claim in *Astiana v. Dreyer's* was dismissed, that claim was pled under federal law and, thus, subject to a different standard. *Astiana v. Dreyer's* at *6-

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

*Google, Inc.*, No. 10-3897, 2011 WL 3861893 (N.D. Cal. Aug. 30, 2011), a plaintiff unreasonably interpreted the Google phone's statement that it is 3G <u>capable</u> to mean that it <u>will always have connectivity to a 3G network</u>. Like the *Nabors* case, *Viggiano* had nothing to do with unnatural ingredients; rather, *Viggiano* involved a claim about "all natural flavors," which are subject to any entirely different regulatory scheme from natural ingredients. *See  Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877 (C.D. Cal. 2013) (dismissed because "all natural flavors" statement was compliant with FDA's express policy). As Defendant provides no viable reason for this claim to fail, the Court should deny Defendant's request to dismiss it from Plaintiff's Complaint.

## C.   PRIMARY JURISDICTION DOCTRINE DOES NOT WARRANT ABSTENTION

Under the doctrine of primary jurisdiction, courts may abstain from deciding an issue that, *inter alia*, requires special agency expertise. *See Syntek Semiconductor Co. v. Microchip Tech., Inc.*, 307 F.3d 775, 781 (9th Cir. 2002). Hain argues that fraud investigations relating to food labeling claims require the special expertise of the FDA and thus, the FDA must have primary jurisdiction over the claims in this case. This assertion is not only unsupported but confuses primary jurisdiction with the field preemption branch of implied preemption.

Critically, Hain has not shown that this Court is incapable of determining whether Hain's labels are misleading. As in many other food labeling cases in this district, "'[t]he FDA's expertise…is not necessary to determine whether the labels are misleading [and] the reasonable-consumer determination and other issues involved in Plaintiff's lawsuit are within the expertise of the courts to resolve.'" *Garrison I* at 3:6-9  (quoting *Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889, at *7 (N.D. Cal. 2012));[20] *see also Rhinerson* Order (same);[21] *Brazil v. Dole Food Co.*, 935 F. Supp. 2d 947, 953 (N.D. Cal. 2013) ("*Brazil*") (declining to abstain in claims of violation of FDA regulations and guidance concerning "all natural," fresh, antioxidant, and other nutrient claims);

---

7 (finding that a "natural" claim on ice cream products does not give any assurance that they are defect free as required under the Magnuson Moss Warranty Act).
[20]     RJN at Exhibit "B."
[21]     RJN at Exhibit "C."

Memorandum of Points & Authorities in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1  *Astiana v. Ben & Jerry's Homemade, Inc.,* No. C 10-4937 PJH, 2011 U.S. Dist. LEXIS 57348 at *15

2  (N.D. Cal. May 26, 2011) ("*Ben & Jerry's*") (declining to abstain where the court had to determine

3  whether defendant's "All Natural" claims were misleading); *Delacruz v. Cytosport, Inc.*, No. C 11-

4  3532 CW, 2012 U.S. Dist. LEXIS 90847, at *23-24 (N.D. Cal. June 28, 2012) ("FDA's expertise . . .

5  is not needed to determine whether the labels are misleading."); *Samet v. P&G*, No. 5:12-CV-01891

6  PSG, 2013 U.S. Dist. LEXIS 86432 (N.D. Cal. June 18, 2013) (deceptive labeling allegations do not

7  require FDA expertise as "every day courts decide whether conduct is misleading."). Since Hain has

8  not shown (nor could it), that this Court cannot and should not determine whether its "All Natural"

9  claims are misleading, Plaintiff's allegations must not be barred by the doctrine of primary

10  jurisdiction.

11      Hain mistakenly points to *Cox v. Gurma*, No. 12-CV-06502-YGR, 2013 U.S. Dist. LEXIS

12  97207 (N.D. Cal. July 11, 2013) as an example of a food labeling case barring "natural" claims

13  under the doctrine of primary jurisdiction. While the court in *Cox* did refer a "natural" claim to the

14  FDA under the primary jurisdiction doctrine, the facts of that case are totally different from those at

15  play here. As the court in *Pratt v. Whole Foods Mkt. Cal., Inc.* so aptly stated: "The question in *Cox*

16  focused specifically on whether foods containing GMO or bioengineered ingredients could be

17  labeled 'natural,' something which both parties agreed the FDA had not yet addressed, and an issue

18  which is not raised in the current case." *Pratt v. Whole Foods Mkt. Cal., Inc.*, No. 5:12-CV-05652-

19  EJD, 2014 U.S. Dist. LEXIS 46409, *23-24 (N.D. Cal. Mar. 31, 2014); *see also Barnes v. Campbell

20  Soup Co.*, No. 12-5185, 2013 WL 5530017 (N.D. Cal. July 25, 2013) (same issue as in *Cox*). Unlike

21  in *Cox*, here, the FDA has issued guidance regarding the meaning of "natural" with respect to food

22  labeling claims and, specifically, whether synthetic ingredients could properly fall under the

23  "natural" umbrella (they cannot). *See* CMP ¶ 47 (discussing FDA's policy).

24      Hain's reliance on *Astiana v. The Hain Celestial Group, Inc.*, 905 F. Supp. 2d 1013 (N.D.

25  Cal. 2012) ("*Hain Celestial Group*") and *Balser v. Hain Celestial Group, Inc.*, No. 13-5604, 2013

26  WL 6673617 (C.D. Cal. Dec. 18, 2013) ("*Balser*") is also misplaced because those cases involved a

27  "natural" label on cosmetic products. While the FDA has issued policy guidance regarding a

28  "natural" claim on food labels, it has never done so for cosmetics. *Compare* 21 C.F.R. pt. 101

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

(regulations governing food labels) *with* 21 C.F.R. pt. 701 (regulations governing cosmetic labels). Thus, abstention in *Hain Celestial Group* and *Balser* was entirely appropriate. Contrasting *Hain Celestial Group* and *Balser* with cases like *Kosta* highlights why abstention is not warranted here. *See Kosta*, 2013 U.S. Dist. LEXIS 69319 (N.D. Cal. May 15, 2013). In *Kosta*, plaintiffs sued regarding canned tomatoes that were labeled "all natural" or "100% natural" but which contained calcium chloride or citric acid. *See id.* Because the FDA had issued some policy guidance regarding the term "natural," the court refused to abstain from considering the Plaintiff's claims. *Id.* at *31.[22] Like in *Kosta*, *Rhinerson*, *Brazil*, and *Astiana v. Dreyer's*, and the two *Garrison* cases, since this Court is clearly able to determine whether a food label was misleading, abstention is not appropriate either.

As myriad courts have recognized,[23] the FDA has not expressed an intention to clarify or pass new regulations regarding what constitutes "natural" ingredients like it did with other terms at issue in Defendant's cited cases. *See Taradejna v. General Mills, Inc.*, 909 F. Supp. 2d 1128 (D. Minn. 2012) (FDA had issued proposed rule regarding the definition of yogurt which had not yet been implemented); *Gordon v. Church & Dwight Co.*, No. 09-5585, 2010 WL 1341184 (N.D. Cal. Apr. 2, 2010) (FDA had expressly stated it was considering public comments and data regarding warnings on condom labels). Because the FDA is unlikely to imminently act with respect to the definition of all natural as it pertains to food products, this Court can and should rule on Plaintiff's false advertising claim now.

**D.    INJUNCTIVE RELIEF IS AVAILABLE IN MISLEADING LABEL CLAIMS**

Hain argues that Plaintiff cannot obtain injunctive relief because she is not at risk of a repeated violation in that she does not allege any interest in purchasing the Products in the future. Motion at 20:4-7. Accepting this argument leads to the untenable conclusion that plaintiffs who sue for misleading product labels can never obtain injunctive relief. Obviously, this is not the case. "Rule

---

[22]    In rejecting defendant's primary jurisdiction argument, the *Kosta* court looked to the FDA's informal policy, as stated on its website at http://www.fda.gov/AboutFDA/Transparency/Basics/ucm214868.htm (last visited May10, 2013).
[23]    *See, e.g., In re Conagra*, 2013 US Dist. LEXIS 117389, *9-10 (C.D. Cal. Aug. 12, 2013) (no stay because it's unclear whether FDA intends to imminently clarify or further regulate the definition of "all natural," particularly given that it has expressly declined to do so in the past).

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

23(b)(2) allows class treatment when 'the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.'" *Lanovaz v. Twinings N. Am., Inc.*, 2014 U.S. Dist. LEXIS 57535, *14 (N.D. Cal. Apr. 24, 2014) (certifying injunctive relief class under Rule 23(b)(2)). *See also Pratt*, 2014 U.S. Dist. LEXIS 46409, *30-31 ("Therefore, this Court finds that at this juncture, the claim for injunctive relief may proceed and will not be dismissed."); *Ben & Jerry's*, U.S. Dist. LEXIS 57348, *34 (claim for injunctive relief cannot be determined until factual record is developed); *Brazil*, 935 F. Supp. 2d at 961 (refusing to dismiss claim for injunctive relief based on plaintiff's "purchasing products he would not have otherwise purchased had he known the truth about Defendants' 'unlawful labeling practices'"). Hain seeks to set a precedent that no consumer, once discovering the fraud, can ever have standing to fight for its eradication.

Not only do Hain's arguments run contrary to the goal of consumer protection laws,[24] but Plaintiff's claims are also distinguishable from claims where injunctive relief was denied. *See Bronson v. Johnson & Johnson, Inc.*, No. C-12-04184-CRB, 2013 U.S. Dist. LEXIS 54029, 2013 WL 1629191, at *1, n.3 (N.D. Cal. Apr. 16, 2013) (claims for injunctive relief rendered moot because product was discontinued); *Pratt*, 2014 U.S. Dist. LEXIS 46409, *30-31 ("Courts in this district have dismissed injunctive relief claims in instances where the products at issue were discontinued"); *Brazil*, 935 F. Supp. 2d 947 (dismissing all claims in complaint without any specific discussion regarding plaintiff's right to injunctive relief). Here, Hain has not asserted that the Products at issue were discontinued or given any other reason why injunctive relief is improper. For these reasons, Defendant's motion to dismiss this claim should be denied. Furthermore, if this Court

---

[24]     California district courts have recognized this exact problem. "This court is reluctant to embrace a rule of standing that would allow an alleged wrongdoer to evade the court's jurisdiction so long as he does not injure the same person twice." *Fortyune v. Am. Multi-Cinema, Inc.*, 2002 U.S. Dist. LEXIS 27960, *21 (C.D. Cal. Oct. 21, 2002) (internal quotation omitted). "If the Court were to construe Article III standing for FAL and UCL claims as narrowly as the Defendant advocates, federal courts would be precluded from enjoining false advertising under California consumer protection laws because a plaintiff who had been injured would always be deemed to avoid the cause of the injury thereafter ('once bitten, twice shy') and would never have Article III standing." *Henderson v. Gruma Corp.*, 2011 U.S. Dist. LEXIS 41077, *19-20 (C.D. Cal. Apr. 11, 2011).

dismisses this claim and then certifies the class of consumers who purchased Hain's Products, Plaintiff will have to seek leave to amend her Complaint to add it back in.

### E. PLAINTIFF'S UNJUST ENRICHMENT CLAIM SURVIVES IN CONJUNCTION WITH THE OTHER CLAIMS AND AS A STANDALONE QUASI-CONTRACT CLAIM FOR RESTITUTION

Plaintiff has properly pled her unjust enrichment claim, whether it stands alone or not. Defendant argues that there is no claim for relief in California for unjust enrichment. Although unjust enrichment is not an independent cause of action under California law, it can be pled in the alternative as a standalone restitution claim (akin to a quasi-contract claim) brought to avoid unjustly conferring a benefit on the defendant.[25]

Defendant also argues that an unjust enrichment claim cannot be asserted if it is duplicative of statutory claims. However, the courts in this district are split on this issue. *Pratt*, 2014 U.S. Dist. LEXIS 46409, *29. Numerous courts refuse to dismiss unjust enrichment claims based on quasi-contract, because it is not considered a standalone claim.[26]

Defendant further argues that an unjust enrichment claim is for equitable relief, which can only survive if Plaintiff has no adequate remedy at law. However, an unjust enrichment claim may be allowed to proceed as an alternative to statutory claims, especially where there is no evidence before the Court concerning the degree to which the available legal remedies are identical to the remedies available under Plaintiff's unjust enrichment claim. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 U.S. Dist. LEXIS 110635, *54 (N.D. Cal. Sept. 28, 2011).

Finally, Defendant argues that Plaintiff has failed to identify a benefit unjustly conferred on Defendant. Plaintiff's Complaint clearly alleges that Defendant was unjustly enriched at the expense of Plaintiff and Class Members as a result of the unlawful conduct alleged therein. CMP ¶¶ 135-140 (alleging that Defendant made false claims on Products it sold to Plaintiff, that Plaintiff relied upon

---

[25] *See Khasin v. Hershey Co.*, U.S. Dist LEXIS 161300 (N.D. Cal. November 9, 2012); *Kosta*, 2013 U.S. Dist. LEXIS 69319; *Vicuna v. Alexia Foods, Inc.*, 2012 U.S. Dist. LEXIS 59408, *3 (N.D. Cal. April 27, 2012); *see also Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000); *First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657, 1662–63 (1992) .

[26] *See, e.g., Jones v. Conagra Foods, Inc.*, 912 F. Supp. 2d 889, 904 (N.D. Cal. 2012); *Larsen v. Trader Joe's Co.*, 2012 U.S. Dist. LEXIS 162404, *18-21 (N.D. Cal. June 14, 2012); *Astiana v. Dreyer's* at *28-30.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

those claims, and that Plaintiff is owed restitution for the ill-gotten gains Defendant consequently

enjoyed). For these reasons, Plaintiff's unjust enrichment claim should survive.

## IV.    DEFENDANT'S MOTION TO STRIKE SHOULD BE DENIED; AT MINIMUM, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND

### A.    RELEVANT, MATERIAL ALLEGATIONS SHOULD NOT BE STRICKEN

#### 1.    None of Plaintiff's Claims Could Be Dismissed if the Language at Issue was Stricken

Defendant argues that Plaintiff fails to state a claim based on statements other than "all

natural" and, as a result, allegations based on any other labeling claims should be dismissed. Motion

at 20:18-22. Each of Plaintiff's claims specifically pled reliance on a misleading statement.

Plaintiff's core factual allegations are not in dispute: the Products' packages state they are "all

natural"; the statements are false; and Plaintiff relied on these statements. CMP ¶¶ 10-11, 65, 69, 92,

103, 110, 136. Thus, Defendant's argument regarding non-label statements, even if accepted, would

not result in dismissal of any asserted claims.

#### 2.    Plaintiff's Allegations Cannot Be Stricken from the Pleadings

To the extent the Court construes Hain's argument regarding non-label statements as

a request to strike non-label statements from the pleadings, the request must be denied. Rule 12(f)

proscribes courts' ability to strike allegations from pleadings; allegations can only be struck if they

constitute "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored and not frequently granted for three

reasons: (1) the liberal pleading standard in federal practice; (2) the fact that they are often deployed

as delay tactics; and (3) the prevailing view that a case should be tried on the proofs rather than the

pleadings. *Jadwin v. County of Kern,* 2007 U.S. Dist. LEXIS 81126, *3-4 (E.D. Cal. 2007). The non-

label statements do not fit within Rule 12(f)'s guidelines. Immaterial matter is defined as matter that

"has no essential or important relationship to the claim for relief or the defenses being pleaded."

*Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Charles A. Wright &

Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706-07 (1990) (reversed on other

grounds). Most importantly, motions to strike are generally not granted unless it is clear that the

matter to be stricken *could have no possible bearing* on the subject matter of the litigation. *Lazar v. Trans Union, LLC,* 195 F.R.D. 665, 669 (C.D. Cal. 2000). Courts must view the pleadings under attack in a light most favorable to the pleader. *California v. United States,* 512 F. Supp. 36, 39 (N.D. Cal. 1981).

Clearly, allegations in a complaint cannot be a "defense," nor could the disputed statements (which were taken verbatim from Defendant's own public advertisements), "impertinent" or "scandalous." Under Rule 12(f), the word "scandalous" generally refers to any allegation that <u>unnecessarily</u> reflects on the moral character of an individual or is written in repulsive language that detracts from the dignity of the court. *See Pigford v. Veneman*, 215 F.R.D. 2 (D.C.C. 2003), reconsideration denied, motion to strike denied, 216 F.R.D. 1 (D.D.C. 2003).   An allegation is "impertinent" when it consists of statements that do not pertain, and are not necessary, to issues in question (*see Rawson v. Sears Roebuck & Co.*, 585 F. Supp. 1393 (D.D.C. 1984)) or where statements are irrelevant and could not be put into evidence between parties. *Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550 (D.C. Haw. 1998). Because all of Plaintiff's allegations are true and relevant to the *willfulness* of Hain's representations, they could be taken into evidence. Most importantly, the non-label statements, such as the unfounded nutrition claims pervading Hain's website – are not redundant or immaterial; each allegation is either unique in and of itself or unique in its location (e.g., the "all natural" claim is made on packaging as well as on Hain's website), and each has an essential and important relationship to Plaintiff's claim for relief. *See Rawson*, 585 F. Supp. at 1393. Even if the allegations were redundant and immaterial, the drastic measure of striking them is improper where Hain has not shown them to be prejudicial. *See Hardin v. American Elec. Power*, 188 F.R.D. 509 (S.D. Ind. 1999).  The allegedly immaterial statements are not prejudicial, and how could they be? *They are Hain's own marketing statements*. To argue that its own assertions as to the wholesomeness of the Products is prejudicial, or irrelevant to and unconnected from the broader context within which consumers view label claims (and the reasonableness of their conclusions drawn therefrom), is ludicrous.

If Plaintiff has alleged sufficient facts to support each claim for relief (which she has), this Court should not order the removal of other alleged misrepresentations. The Ninth Circuit instructs

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1   that, "even if some of the statements relied on by Plaintiff, standing on their own, may constitute

2   puffery, those statements contribute 'to the deceptive context of the packaging as a whole.'"

3   *Williams.*, 552 F.3d at 939 n.3. Where additional statements, beyond those on which Plaintiff

4   directly relied, are relevant to any portion of the claim(s) for relief, courts decline to dismiss them.

5   *See In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1116 (S.D. Cal. 2011). *See also Franklin Fueling*

6   *Sys. v. Veeder-Root Co.,* 2009 U.S. Dist. LEXIS 72953, at *22 (E.D. Cal. 2009) ("[W]here at least

7   some actionable statements have been pled, a claim cannot be dismissed on the ground that some

8   statements constitute mere puffery.") Motions to strike will not ordinarily be granted unless it

9   appears that allegations sought to be stricken can have no possible relation to the controversy and,

10  furthermore, where the allegations would unnecessarily harm the opponent; otherwise, allegations

11  should be permitted to remain in pleadings. *See Pessin v. Keeneland Ass'n.*, 45 F.R.D. 10 (E.D. Ky.

12  1968).

13        Each of Plaintiff's claims for relief was pled in compliance with the particularity requirement

14  found in Fed. R. Civ. P. 9(b) because the "who," "what," "when," "where," and "how" of the alleged

15  fraud are set forth in detail in the Complaint. *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097 (9th Cir.

16  2003); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam); s*ee generally*,

17  CMP. Here, Plaintiff has adequately alleged fraud by, among other things, (1) providing

18  reproductions of the labeling claims at issue, (2) stating the time period of Defendant's advertising

19  campaign, (3) stating where she purchased the products, (4) providing facts about how Defendant

20  misrepresented the benefits of its products, and (5) alleging statements she relied upon with respect

21  to each claim for relief. *See generally*, CMP; *see also Rosales v. FitFlop*, 882 F. Supp. 2d 1168,

22  1175-76 (S.D. Cal. 2012); *Von Koenig v. Snapple Beverage Corp.* 713 F. Supp. 2d 1066 (E.D. Cal.

23  2010). The fact that the Complaint identifies additional public statements by Hain does not suggest

24  that any claim should be dismissed or that these additional statements should be struck, even if

25  Plaintiff has not alleged that she directly relied on each statement and even if Hain contends these

26  allegations are not necessary for the alleged claims.  Statements ancillary to the core claim that the

27  Products' labels misled Plaintiff should remain in the pleadings where they are relevant to the

28  claims.

Memorandum of Points & Authorities in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss

Accordingly, the Court should refuse to dismiss any of Plaintiff's claims or any allegations based on the non-label statements.

**B.      IF THE COURT IS INCLINED TO GRANT ANY PORTION OF DEFENDANT'S MOTION, PLAINTIFF SHOULD BE GIVEN LEAVE TO AMEND**

If any of the claims are deemed improper, they can likely be cured by a simple amendment to the pleadings.[27] Leave for such amendments is freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); s*ee also Forman v. Davis*, 371 U.S. 178, 182 (1962) (In the absence of bad faith or dilatory motives, leave should be "freely given").

Here, there is no undue delay and none of the alleged pleading deficiencies are due to any "bad faith" or "dilatory motive" on Plaintiff's part. Moreover, Defendant will not incur any prejudice by the amendments contemplated herein as the operative pleadings provided Hain with sufficient notice of the claims. Thus, if this Court finds any claims were improperly pled, Plaintiff hereby seeks leave to file a First Amended Complaint.

**V.      CONCLUSION**

For the foregoing reasons, Plaintiff requests that the Court deny Defendant's Motion to Dismiss on all grounds. In the alternative, should the Court find any deficiency in her pleading, Plaintiff requests leave to file an amended pleading to cure the deficiency.

Dated: August 13, 2014                        **SCOTT COLE & ASSOCIATES, APC**

By:      /s/ Stephen Noel Ilg.
Stephen Noel Ilg, Esq.
Attorneys for the Representative Plaintiff
and the Plaintiff Classes

---

[27]      *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) ("If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.").

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800