UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA BELEN HAM,<br><br>    Plaintiff,<br><br>    v.<br><br>HAIN CELESTIAL GROUP, INC.,<br><br>    Defendant. | Case No. 14-cv-02044-WHO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; GRANTING PARTIES' REQUESTS FOR JUDICIAL NOTICE**<br><br>Re: Dkt. Nos. 25, 29 |

## INTRODUCTION

Defendant Hain Celestial Group Inc. manufactures Earth's Best Organic Mini Waffles (the "Waffles"), which are identified as "All Natural" on their labels. Plaintiff Ana Belen Ham alleges that the Waffles are not, in fact, "All Natural" because they contain sodium acid pyrophosphate ("SAPP"), a synthetic substance, and sued Hain for violations of California consumer protection laws, fraud, breach of contract, breach of express warranty, and unjust enrichment.

Hain moves to dismiss Ham's complaint. The papers repeat well-worn arguments from numerous similar cases, and I will apply the reasoning that has developed in the Northern District of California. Hain's motion is GRANTED IN PART and DENIED IN PART. Ham's breach of contract claim is dismissed because the parties lack privity, the unjust enrichment claim is dismissed because unjust enrichment is not an independent cause of action, and injunctive relief is not available. The motion is denied in all other respects because Ham has plausibly alleged that the "All Natural" label is misleading from the perspective of a reasonable consumer since the Waffles contain a synthetic substance.

# BACKGROUND

Ham purchased two varieties of the Waffles: Blueberry and Homestyle. Compl. ¶¶ 3, 11 [Dkt. No. 1]. The Waffles are labeled organic and "All Natural."[1] Compl. ¶¶ 3, 29, Ex. A. Ham alleges that the Waffles are, in fact, not "All Natural" because one of the ingredients is a nonorganic synthetic substance, SAPP.[2] Compl. ¶¶ 3, 29. The "'All Natural' labeling is central to [the Organic Waffle's] marketing" and makes "maximum use of the available space on the [front of the Organic Waffle's] packaging."[3] Compl. ¶¶ 32, 53. Ham saw the labeling each time she purchased the products and "would not have purchased and consumed the products had it not been for [Hain]'s misrepresentations." Compl. ¶¶ 63, 65, 76.

Ham alleges causes of action for (i) violations of California's deceptive advertising practices laws ("FAL"), Cal. Bus. & Prof. Code §§ 17500, et seq.; (ii) violations of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq.; (iii) common law fraud; (iv) negligent misrepresentation; v) breach of express warranty; (vi) breach of contract; (vii) violations of the California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17208; and (viii) quasi-contract/unjust enrichment. She seeks to represent two different classes: (i) residents of California "who, on or after May 2, 2010 purchased any of "The Hain Celestial Group

---

[1] Both parties have filed a request for judicial notice. Hain requests judicial notice of the packaging of the Waffles, correspondence from the FDA, and a printout from the website of the Centers for Disease Control. Dkt. No. 25-1. Ham requests judicial notice of correspondence from the FDA and USDA, and five orders and complaints from similar cases. Dkt. No. 29. Both requests are proper and unopposed. The reqeusts are GRANTED. *See, e.g., Victor v. R.C. Bigelow, Inc.*, 13-cv-02976-WHO, 2014 WL 1028881, at n.1 (N.D. Cal. Mar. 14, 2014) (granting judicial notice of FDA warning letter and similar material).

[2] SAPP is used a leavening agent in the Waffles, but it has a variety of industrial uses, including stabilizing hydrogen peroxide solutions against reduction, facilitating hair removal in hog slaughter, removing feathers from birds in poultry slaughter, removing iron from hides during leather processing, and producing petroleum. Compl. ¶ 28. The USDA allows manufacturers to use SAPP as a leavening agent in organic foods. 7 C.F.R. § 205.605.

[3] SAPP is included in the ingredient label on the back of the package. Compl. ¶ 41.

United States District Court
Northern District of California

Inc.'s 'Earth's Best' food products that were labeled 'All Natural' yet contained Sodium Acid Pyrophosphate," and (ii) residents of the United States who purchased the same products.[4] Compl. ¶ 19. I heard argument on the motion to dismiss on September 17, 2014.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is proper where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). I must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The complaint "does not need detailed factual allegations," rather must plead enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Fraud claims are subject to an elevated pleading standard and must "be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103, 1106 (9th Cir. 2003) (quotation marks omitted). Such claims "must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citation omitted).

## DISCUSSION

Hain argues that (i) the consumer protection and misrepresentation-based claims fail because Ham does not allege why a reasonable consumer would not expect to find SAPP in the Waffles; (ii) the fraud-based claims fail because Ham fails to plead them with particularity as required by Rule 9(b); (iii) the breach of express warranty claim fails because the presence of

---

[4] All eight claims are brought on behalf of the California class, but Ham seeks to represent a nationwide class only with respect to the third, fourth, sixth, and eighth causes of action.

SAPP does not breach the "All Natural" warranty; (iv) the breach of contract claim fails because Ham does not have privity with Hain; (v) the unjust enrichment/quasi-contract claim fails because there is no independent cause of action for unjust enrichment; (vi) Ham lacks standing to request injunctive relief because she will not be deceived as to the presence of SAPP in the future; (vii) Ham lacks standing to challenge the advertising she did not personally see; and (viii) the case should be decided by the FDA because it has primary jurisdiction over food labeling issues. I will address each argument in turn.

## I. A REASONABLE CONSUMER COULD BE DECEIVED BY THE WAFFLES' "ALL NATURAL" LABELING

Hain moves to dismiss Ham's first, second, third, fourth, and seventh causes of action (violations of the CLRA, FAL, fraud, negligent misrepresentation, and UCL) on the grounds that an "objective, reasonable consumer" would not be deceived by the "All Natural" label on the Waffles.[5] Mot. 6.

For claims arising under California's UCL, FAL, and CLRA, the plaintiff must show that reasonable consumers are likely to be deceived by the label. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008). This standard also applies to common law fraud and negligent misrepresentation claims. *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (common law fraud claim requires showing that the advertisement would mislead a reasonable person); *Girard v. Toyota Motor Sales, U.S.A., Inc.*, 316 F.App'x 561, 562 (9th Cir. 2008) (equating "justifiable

---

[5] Those five claims all require a showing of deception or misrepresentation. The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770. The FAL makes it unlawful to make or disseminate any statement concerning property or services that is "untrue or misleading. . ." Cal. Bus. & Prof. Code § 17500. Fraud requires: (1) misrepresentation, (2) knowledge of falsity, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damage. *See, e.g.*, *Doe v. Gangland Prods., Inc.*, 730 F.3d 946, 960 (9th Cir. 2013). Negligent misrepresentation also requires misrepresentation and reliance. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1055 (9th Cir. 2008). The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

reliance" element of negligent misrepresentation to the "reasonable consumer" standard).

Whether a reasonable consumer would be deceived by a product label is generally a question of fact not amenable to determination on a motion to dismiss. *Id*. However, in rare situations a court may determine, as a matter of law, that the alleged violations of the UCL, FAL, and CLRA are simply not plausible. *See, e.g., Werbel ex rel. v. Pepsico, Inc.*, No. 09-cv-04456-SBA, 2010 WL 2673860, at *3 (N.D. Cal. July 2, 2010) (a reasonable consumer would not be deceived into believing that cereal named "Crunch Berries" derived significant nutritional value from fruit).

Hain argues that the complaint should be dismissed because the term "All Natural" does not have a fixed definition, thus a reasonable consumer would not be deceived by the presence of SAPP.[6] Mot. 7 (citing *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013) (granting motion to dismiss "All Natural" claims because definitions from Merriam Webster Dictionary, the FDA, and the National Organic Program are neither objective nor plausible)). I disagree. The question is not whether Ham provides a plausible definition of "All Natural," but whether a reasonable consumer would expect to find SAPP in Waffles that are labeled "All Natural." *See e.g.*, *Williams*, 552 F.3d at 939 ("the statement that Fruit Juice Snacks was made with 'fruit juice and other All Natural ingredients' could easily be interpreted by consumers as a claim that all the ingredients in the product were natural, which appears to be false."); *Bohac v. Gen. Mills, Inc.*, 12-cv-05280-WHO, 2014 WL 1266848, at *4 (N.D. Cal. Mar. 26, 2014) (denying defendant's motion to dismiss because consumers would not expect "All Natural" granola bars to contain synthetic chemicals); *Surzyn v. Diamond Foods, Inc.*, No. 14-cv-0136-SBA, 2014 WL 2212216, at *3 (N.D. Cal. May 28, 2014) (multiple definitions of "All Natural" is an insufficient basis to dismiss a complaint); *Garrison v. Whole Foods Mkt. Grp., Inc.*, No. 13-cv-05222-VC,

---

[6] Ham proposes that a reasonable consumer will define the term using the Merriam Webster Dictionary as well as definitions from the FDA and USDA. Compl. ¶¶ 45-49.

2014 WL 2451290, at *3 (N.D. Cal. June 2, 2014) (denying motion to dismiss because a reasonable consumer could be misled by "All Natural" products that contain SAPP).

Hain also contends that a reasonable consumer would expect some degree of processing, such as the addition of a leavening agent like SAPP, because the Waffles do not literally "roam in the wild or sprout naturally from trees." Mot. 8, 10. This argument, while entertaining, is not persuasive because it is plausible that a reasonable consumer would expect that an "All Natural" product contains only natural ingredients, not that the product itself comes from nature.

Next, Hain asserts that SAPP is actually an "All Natural" ingredient, even though it is synthetic, because a USDA regulation allows food manufacturers to include SAPP in products which are labeled "organic." *See* 7 C.F.R. § 205.605. Hain asserts that adding an organic ingredient to an "All Natural" product does not mislead a reasonable consumer. Reply 4. Hain might be correct that some consumers believe that organic is a higher standard than "All Natural," but that does not make it implausible that a reasonable consumer would believe that SAPP is not an "all natural" ingredient.

Finally, Hain argues that consumers would not be misled by the "All Natural" label because they can simply look at the ingredient list to determine whether it contains any synthetic ingredients. However, a product label can be misleading even if the alleged misrepresentation is corrected on the ingredient list. *See, e.g., Williams*, 552 F.3d at 939 ("We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception").

Ham's argument is simple: a reasonable consumer would not expect to find SAPP in the

"All Natural" Waffles because SAPP is not a natural ingredient. This argument is plausible.[7] *See, e.g. Garrison v. Whole Foods Mkt. Grp., Inc.*, 13-CV-05222-VC, 2014 WL 2451290, at *7 (N.D. Cal. June 2, 2014) (denying motion to dismiss complaint because an "All Natural" product which contained SAPP was potentially misleading).

## II. THE COMPLAINT PLEADS FRAUD WITH PARTICULARITY AS REQUIRED BY FEDERAL RULE OF CIVIL PROCEDURE 9(b)

The complaint satisfies Rule 9(b) because it adequately alleges (i) the who: Hain; (ii) the what: "All Natural" labeling on Waffles containing SAPP, a synthetic ingredient (Compl. Ex. A); (iii) the when: purchases made between May 2012 and March 2014 (Compl. ¶ 11); (iv) the where: labels on the Waffles, copies of which are attached to the complaint (Compl. Ex. A); (v) and the how: purchases made with reasonable reliance on the "All Natural" statement (Compl. ¶¶ 11-13).

Hain argues that the complaint is too vague because it does not list every single product which is allegedly mislabeled. *Thomas v. Costco Wholesale Corp.*, No. 12-cv-02908-EJD, 2013 WL 1435292, at *7 (N.D. Cal. April 9, 2013), which Hain cites, defined the products at issue as any food products distributed or sold by Costco that fell into one of ten broad categories, such as "labeled or advertised with an unauthorized health claim." *Id.* In contrast, the products at issue here are Hain's "food products that were labeled 'All Natural,' yet contained SAPP." Compl. ¶ 19. Unlike *Thomas*, determining which products are at issue here does not present a challenge because the products all involve the same misrepresentation: food products labeled "All Natural" that contain SAPP. Hain can easily determine which products are at issue. The motion to dismiss

---

[7] The plausibility of Ham's argument is reinforced by a warning letter the FDA sent to Alexia, a non-party food producer, stating that their product's "All Natural" label was misleading because the product contained SAPP. Oppo. Ex. A. While not binding authority on this Court, the FDA warning letters are instructive. *See Gitson v. Trader Joe's Co*, No. 13-cv-01333-WHO, 2013 WL 5513711, at *10 (N.D. Cal. Oct. 4, 2013).

under Rule 9(b) is DENIED.[8]

### III. FIFTH CAUSE OF ACTION: BREACH OF EXPRESS WARRANTY

A plaintiff asserting a breach of express warranty claim must allege facts sufficient to show that (i) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (ii) the statement was part of the basis of the bargain; and (iii) the warranty was breached. *See Weinstad v. Dentsply Int'l, Inc.*, 180 Cal.App. 4th 1213, 1227 (2010). A food label can create an express warranty. *See, e.g., Brown v. Hain Celestial Grp., Inc.*, 11-cv-03082–LB, 2012 WL 6697670, at *16 (N.D. Cal. Dec. 22, 2012) ("All Natural & Organic" cosmetic products); *Vicuna v. Alexia Foods, Inc.*, 11-cv-6119–PJH, 2012 WL 1497507, at *2 (N.D. Cal. Apr. 27, 2012) ("All Natural" label on potatoes was an express warranty that they did not have SAPP).

Ham alleges that the "All Natural" label constitutes an express warranty to provide Waffles without SAPP. Compl. ¶ 113. In its motion to dismiss, Hain argues that the express warranty is not breached because the Waffles "live up to reasonable consumer expectations about 'All Natural' packaged frozen waffles." Mot. 14. The motion to dismiss the breach of express warranty claim is DENIED for the same reasons as the consumer protection and misrepresentation-based claims addressed above.

### IV. SIXTH CAUSE OF ACTION: BREACH OF CONTRACT

Ham's breach of contract claim fails because there is no privity between Hain and Ham. Ham argues that privity is not required in this situation because of two exceptions to the rule

---

[8] Hain also argues that the complaint is too vague because it alleges that the "All Natural" claim is false because the Waffles contain additional non-natural, highly-processed ingredients "*such as* SAPP." Compl. ¶ 27 (emphasis added). I disagree. The inclusion of "such as" in one sentence of the factual section of the complaint does not change the fact that the products at issue are those that are labeled "All Natural yet contained [SAPP]." Compl. ¶ 19.

8

requiring privity between contracting parties.[9] Oppo. 13. Neither exception applies. The "foodstuffs exception" only applies to alleged breaches of the implied warranty of fitness for human consumption which "runs from the manufacturer to the ultimate consumer regardless of privity of contract." *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 695-96 (1954). SAPP may be synthetic, but there is no allegation that it is not fit for human consumption. The "warranty exception" applies to breach of warranty claims; not breach of contract claims. Ham has not cited any cases applying the warranty exception to a breach of contract claim. The breach of contract claim is DISMISSED WITHOUT LEAVE TO AMEND.

## V. EIGHTH CAUSE OF ACTION: QUASI-CONTRACT/UNJUST ENRICHMENT

Unjust enrichment and quasi-contract are not independent causes of action. *See e.g.*, *Ang v. Bimbo Bakeries USA, Inc.*, 13-cv-01196-WHO, 2013 WL 5407039 (N.D. Cal. Sept. 25, 2013); *Hill v. Roll Internet. Corp.*, 195 Cal.App. 4th 1295, 1307 (Cal. App. 2011) ("Unjust enrichment is not a cause of action, just a restitution claim."); *Bruton v. Gerber Products Co.*, 961 F. Supp. 2d 1062, 1099 (N.D. Cal. 2013) ("there is no distinct cause of action for unjust enrichment under California law."). Ham's claim for quasi-contract/unjust enrichment (eighth cause of action) is DISMISSED WITHOUT LEAVE TO AMEND.

## VI. HAM DOES NOT HAVE STANDING TO SEEK INJUNCTIVE RELIEF

Hain argues that Ham lacks standing to seek injunctive relief because "Plaintiff now knows that the waffles are made with [SAPP]" and is not "realistically threatened by a repetition of the violation."[10] Mot. 19 (citations omitted). A party seeking injunctive relief from a federal court must allege not only that she has "suffered or [is] threatened with a concrete and particularized

---

[9] A breach of contract claim can survive if the consumer purchased the products directly from the defendant. *See e.g.*, *Richards v. Safeway Inc.*, No. 13-cv-04317-JD (N.D. Cal. Sep. 22, 2014) (order on motion to dismiss) (plaintiff purchased "All Natural" products that contain SAPP directly from defendant).

[10] The Complaint seeks both injunctive and monetary relief. Compl. ¶ 95

legal harm" but also that there is "a sufficient likelihood that [she] will again be wronged in a similar way." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (citation and internal quotation marks omitted). In a class action, "[u]nless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief." *Hodgers–Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999). Consumers who were misled by deceptive food labels lack standing for injunctive relief because there is "no danger that they will be misled in the future." *See e.g.*, *Garrison*, 2014 WL 2451290, at *5; *Morgan v. Wallaby Yogurt Co.*, No. 13-cv-00296-WHO, 2014 WL 1017879, at *6 (N.D. Cal. Mar. 13, 2014).

Because Ham is now aware that the products use SAPP, she cannot allege that she would be fraudulently induced to purchase the products in the future. Ham's requests for injunctive relief are DISMISSED WITHOUT LEAVE TO AMEND.[11]

## VII. THE FDA DOES NOT HAVE PRIMARY JURISDICTION OVER THIS CASE

The primary jurisdiction doctrine "allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008). Application of the primary jurisdiction doctrine "is a matter of the court's discretion." *Chacanaca v. Quaker Oats Co.*, 752 F. Supp. 2d 1111, 1124 (N.D. Cal. 2010).

Hain argues that the doctrine should be invoked here because the FDA has been considering the definition of the term "natural." In support, Hain cites a letter from the FDA's Assistant Commissioner for Policy stating that the agencies are discussing defining "All Natural." Oppo. Ex. A.

---

[11] Ham argues that this rule will do away with injunctive relief for claims against misleading product labels. I addressed that concern in *Morgan*, explaining that, while injunctive relief may not be available in all cases, "the threat of damages and other available relief may also give businesses pause should they decide not to abide by consumer protection laws." *Morgan*, 2014 WL 1017879, at *6.

10

I am not convinced. The FDA letter informed three judges that the FDA explicitly declined to further define "All Natural" because "priority food public health and safety matters are largely occupying the limited resources that the FDA has to address food matters." *Id.* There is no evidence that the FDA intends to define the term "natural" or "all natural". On the contrary, the evidence in the record suggests that the FDA has no imminent plans to do so. *See, e.g.*, *In re ConAgra Foods, Inc.*, 2013 WL 4259467 (C.D. Cal. Aug. 12, 2013) (for the doctrine to apply, "first, the FDA would have to act, something it has declined to do in the past"). Moreover, courts regularly consider whether "natural" or "all natural" food is mislabeled without deferring to special agency expertise. *See, e.g.*, *Rojas v. Gen. Mills, Inc.*, 12-cv-05099-WHO, 2013 WL 5568389 (N.D. Cal. Oct. 9, 2013) (declining to invoke the doctrine for "All Natural" products); *Kosta v. Del Monte Corp.*, No. 12–cv–1722–YGR, 2013 WL 2147413, (N.D. Cal. May 15, 2013) (declining to invoke the doctrine for fresh and "All Natural" products). Invoking the primary jurisdiction doctrine here is not warranted.

## VIII. HAM DOES NOT HAVE STANDING TO CHALLENGE HAIN'S WEBSITE OR FACEBOOK PAGE

A party does not have standing to challenge statements or advertisements that she never saw. *See e.g.*, *Bruton*, 961 F. Supp. 2d at 1090 (dismissing website claims because a plaintiff "does not have standing to assert claims based on statements she did not view"); *Gitson*, 2013 WL 5513711 (same). Ham does not allege that she viewed Hain's Facebook or www.earthbest.com websites. Compl. ¶¶ 25, 26. Ham therefore lacks standing to challenge alleged misrepresentations on those websites. Ham does not contend that she did in fact see Hain's Facebook or www.earthbest.com websites or could amend her complaint to plead reliance on those statements. Accordingly, Ham's claims are DISMISSED WITHOUT LEAVE TO AMEND to the extent that they are based on alleged misrepresentations on Hain's Facebook or www.earthbest.com websites.

## CONCLUSION

Hain's motion to dismiss is GRANTED IN PART and DENIED IN PART. Dkt. No. 25. Ham's breach of contract (sixth) and quasi-contract/unjust enrichment (eighth) causes of action

and request for injunctive relief are DISMISSED WITHOUT LEAVE TO AMEND. Ham's claims are DISMISSED WITHOUT LEAVE TO AMEND to the extent that they are based on alleged misrepresentations on Hain's Facebook or www.earthbest.com websites. Hain's motion to dismiss Ham's FAL (first), CLRA (second), fraud (third), negligent misrepresentation (fourth), breach of express warranty (fifth), and UCL (seventh) causes of action is DENIED.

The parties' requests for judicial notice are GRANTED. Dkt. Nos. 25, 29.

**IT IS SO ORDERED.**

Dated: October 3, 2014



WILLIAM H. ORRICK
United States District Judge