**JENNER & BLOCK LLP**
Kenneth K. Lee (Cal. Bar No. 264296)
klee@jenner.com
Kelly M. Morrison (Cal. Bar No. 255513)
kmorrison@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054
Phone:        (213) 239-5100
Facsimile:    (213) 239-5199

**JENNER & BLOCK LLP**
Dean N. Panos (admitted *pro hac vice*)
dpanos@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Phone:        (312) 222-9350
Facsimile:    (312) 527-0484

Attorneys for The Hain Celestial Group, Inc.


UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA BELEN HAM, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>    vs.<br><br>THE HAIN CELESTIAL GROUP, INC.,<br><br>        Defendant. | No. CV 14-2044-WHO<br><br>**THE HAIN CELESTIAL GROUP, INC.'S ANSWER TO COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION** |

Defendant The Hain Celestial Group, Inc. ("Hain Celestial"), by and through its attorneys Jenner & Block LLP, hereby answers the Complaint for Damages, Injunctive Relief, and Restitution of Plaintiff Ana Belen Ham and states as follows:

**<u>INTRODUCTION</u>**

1.      This is a class action brought by Representative Plaintiff for herself and on behalf of a national class of consumers who have purchased food products made by Defendant The Hain Celestial Group, Inc. and branded as "Earth's Best," that were falsely and misleadingly advertised, marketed, and labeled as "all natural" but which, in fact, contained one or more synthetic ingredients.

<u>Answer</u>:  Paragraph 1 sets forth Plaintiff's desire to bring this lawsuit as a class action and describes Plaintiff's proposed class.  Hain Celestial denies that a class action is legally valid or appropriate and denies the remaining allegations of Paragraph 1, including that any of its products were falsely or misleadingly advertised, marketed, or labeled.

2.      Representative Plaintiff, on behalf of herself and persons who purchased these products from food retail store locations in the United States at any time during the applicable limitations period (hereinafter referred to as the "class members" and/or, dependent on the Claim for Relief, one or both of the "classes") seeks damages, interest thereon, reasonable attorneys' fees and costs, injunctive, restitution, other equitable relief, and disgorgement of all benefits Defendant has enjoyed from its unlawful and/or deceptive business practices, as detailed herein.

<u>Answer</u>:  Paragraph 2 sets forth Plaintiff's desire to bring this lawsuit as a class action and describes the remedies Plaintiff seeks on behalf of herself and the purported class.  Hain Celestial denies that a class action is legally valid or appropriate and that Plaintiff and/or the putative class are entitled to any of the relief requested in Paragraph 2.  Moreover, the Court's October 3, 2104 order dismissed Plaintiff's requests for injunctive relief.  ECF No. 33 at 10.

3.      Representative Plaintiff asserts that defendant The Hain Celestial Group, Inc. (hereinafter referred to as "Hain Celestial" and/or "Defendant") knowingly engaged in the unfair, unlawful, deceptive, and fraudulent practice of describing and falsely advertising certain "Earth's Best" products as "all natural" when, in fact, they contain the synthetic chemical Sodium Acid Pyrophosphate.  Those products labeled as "all natural," but which contain Sodium Acid Pyrophosphate (also known as

disodium dihydrogen pyrophosphate), for purposes of this Complaint, are collectively referred to as the "All Natural Products" or, simply, the "Products." Those Products are listed and/or otherwise shown in Attachment "A" hereto, and are:

Earth's Best Organic Mini Waffles (Blueberry)

Earth's Best Organic Mini Waffles (Homestyle)

Answer: Hain Celestial admits that the packaging for Earth's Best Organic® Organic Mini Waffles Homestyle and Earth's Best Organic® Organic Mini Waffles Blueberry includes the phrase "all natural" and that these products contain sodium acid pyrophosphate, as disclosed on their packaging. Hain Celestial denies the remaining allegations of Paragraph 3, including that any of its conduct is unfair, unlawful, deceptive, or fraudulent.

4.      Defendant's advertising/labeling of these Products as "all natural" is false, dishonest and intended to induce consumers to purchase these Products, at a premium price, while ultimately failing to meet consumer expectations. Defendant knows reasonable consumers must and do rely on Defendant to honestly report the nature of its Products' ingredients, insofar as consumers lack the ability to test or independently ascertain the accuracy of a food product's label, especially at the point of sale. Indeed, in this instance, Defendant played on consumer ignorance to fraudulently generate substantial profits and engender unfair competition between itself and competitor companies that, unlike Defendant, behave responsibly and honestly toward their customers.

Answer: Hain Celestial denies the allegations of Paragraph 4, including that any of its advertising in false, dishonest, or intended to mislead consumers.

5.      Representative Plaintiff brings this action both on her own behalf and on behalf of the classes she seeks to represent to redress Defendant's deceptive, misleading and untrue advertising, and unlawful, unfair and fraudulent business acts and practices related to the manufacture, marketing, advertising, sale and/or distribution of the All Natural Products listed above.

Answer: Paragraph 5 sets forth Plaintiff's desire to bring this lawsuit as a class action. Hain Celestial denies that a class action is legally valid or appropriate and denies the remaining allegations of Paragraph 5, including that any of its advertising is misleading or untrue, and that any of its acts or practices are unlawful, unfair, or fraudulent.

**JURISDICTION AND VENUE**

6.      Jurisdiction is proper in this Court under 28 U.S.C. § 1332 (diversity jurisdiction) and/or 28 U.S.C. § 1331 (controversy arising under United States law).  Supplemental jurisdiction to adjudicate issues pertaining to state law is proper in this Court under 28 U.S.C. § 1367.

Answer:  Paragraph 6 sets forth legal conclusions as to which no response is necessary.

7.      Venue is proper in this Court under 28 U.S.C. § 1391 because the events that give rise to Representative Plaintiff's claims took place within the Northern District of California and because Defendant sells and distributes the Products in this Judicial District.

Answer:  Paragraph 7 sets forth a legal conclusion as to which no response is necessary.

**PLAINTIFF**

8.      Ms. Ana Belen Ham is an adult individual and resident of San Francisco, California and is referred to in this Complaint as "Representative Plaintiff."

Answer:  Hain Celestial lacks personal knowledge and information as to Plaintiff Ham's age and place of residence, and on that basis denies the allegations of Paragraph 8.

9.      During the relevant time period, Representative Plaintiff purchased and consumed one or more of Defendant's Products.

Answer:  Hain Celestial lacks personal knowledge and information as to Plaintiff Ham's food product purchases and consumption, and on that basis denies the allegations of Paragraph 9.

10.      Representative Plaintiff is, and throughout the entire class period asserted herein, has been very concerned about and tries to avoid consuming foods that are not natural, such as foods using synthetic or artificial chemical ingredients. For this reason, Representative Plaintiff is willing to and has paid a premium for foods that are considered "all natural" and has refrained from buying their counterparts that were not "all natural." Based on the "all natural" representation on Defendant's Product labels, Representative Plaintiff and members of both classes reasonably believed the Products they purchased were "all natural" and relied on this representation in making the purchases thereof.

Answer:  Hain Celestial lacks personal knowledge and information as to Plaintiff Ham's food product preferences and purchase decisions, and on that basis denies the allegations of the first two sentences of Paragraph 10.  Hain Celestial denies the remaining allegations of Paragraph 10.

11.     Specifically, in the past several years, Representative Plaintiff purchased items such as Hain Celestial's "Earth's Best Organic Mini Waffles (Blueberry)" and "Earth's Best Organic Mini Waffles (Homestyle)" for herself on multiple occasions from grocery stores located in San Francisco, California, after reading and relying on the truthfulness of labels that promised that these Products were "all natural." Specifically, Representative Plaintiff purchased the Products from the Safeway store in San Francisco on Geary Street and from the Safeway store in San Francisco on Marina Boulevard. In between May 2012 and March 2014, Representative Plaintiff purchased approximately fifty boxes of the Products. Representative Plaintiff saw and relied on these representations each time she purchased the Products. These representations were some of the reasons for Representative Plaintiff's purchases, and she consistently relied on the truthfulness of the "all natural" representations in making these purchases.

Answer:  Hain Celestial lacks personal knowledge and information as to Plaintiff Ham's food product purchases and the reasons for those purchases, and on that basis denies the allegations of Paragraph 11.

12.     Representative Plaintiff not only purchased the Products because their labels said they were "all natural," but also paid more money for the Products than she would have paid for other similar products that were not all natural (i.e., products that admittedly contained man-made, synthetic ingredients).

Answer:  Hain Celestial lacks personal knowledge and information as to Plaintiff Ham's food product purchases and the reasons for those purchases, and on that basis denies the allegations of the first clause of Paragraph 12.  Hain Celestial denies the allegations of the second clause of Paragraph 12.

13.     Had Representative Plaintiff known the truth (i.e., that Defendant's Products were not "all natural"), she would not have purchased Defendant's Products, but would have purchased other brands of food products that were truly "all natural" or, if such alternatives were not available, would have purchased other non-natural food products that were less expensive than Hain Celestial's All Natural Products.

Answer:  Hain Celestial lacks personal knowledge and information as to Plaintiff Ham's food product purchases and the reasons for those purchases, and on that basis denies the allegations of Paragraph 13.  Hain Celestial denies the remaining allegations of Paragraph 13, including that the

packaging of Earth's Best Organic® Organic Mini Waffles Homestyle and Earth's Best Organic® Organic Mini Waffles Blueberry is false or inaccurate.

14. Representative Plaintiff was a "consumer" and "real part[y] in interest," as required to bring this action, and as set out in California Civil Code § 1780(a). Moreover, Representative Plaintiff suffered damages and injury as a result of Defendant's conduct, as alleged herein.

Answer: The first sentence of Paragraph 14 sets forth a legal conclusion as to which no response is necessary. Hain Celestial denies the allegations of the second sentence of Paragraph 14.

15. As used throughout this Complaint, the term "class members" and/or one or both of the "classes" refers to the Representative Plaintiff as well as each and every person eligible for membership in one or more of the classes of persons, as further described and defined herein.

Answer: Paragraph 15 sets forth Plaintiff's definition of the terms "class members" and "classes." Hain Celestial denies that a class action is legally valid or appropriate.

16. At all times herein relevant, Representative Plaintiff is and was a person within both classes of persons, as further described and defined herein.

Answer: Hain Celestial lacks personal knowledge and information as to Plaintiff Ham's eligibility for membership in the purported classes, and on that basis denies the allegations of Paragraph 16. Hain Celestial further denies that a class action is legally valid or appropriate.

17. Representative Plaintiff brings this action on behalf of herself, individually, and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all persons similarly situated and proximately damaged by the unlawful conduct described herein.

Answer: Paragraph 17 sets forth Plaintiff's desire to bring this lawsuit as a class action. Hain Celestial denies that a class action is legally valid or appropriate.

## **DEFENDANT**

18. At all times herein relevant, The Hain Celestial Group, Inc. is a New York corporation with its principal executive offices located in Melville, New York. Upon information and belief, Defendant advertises, markets, sells and distributes the All Natural Products throughout the United States, including in this Judicial District.

Answer: Hain Celestial is a Delaware corporation with its principal place of business in Lake

Success, New York. Hain Celestial admits that Earth's Best Organic® Organic Mini Waffles Homestyle and Earth's Best Organic® Organic Mini Waffles Blueberry are marketed and sold throughout the United States, including in the Northern District of California, but denies that it personally sells these products to consumers. Hain Celestial denies the remaining allegations of Paragraph 18.

## CLASS ACTION ALLEGATIONS

19.    Representative Plaintiff brings this action on behalf of herself and as a class action on behalf of the following classes:

The "California Class":
All residents of California who, on or after May 2, 2010, purchased any of The Hain Celestial Group Inc.'s "Earth's Best" food products that were labeled "all natural," yet contained Sodium Acid Pyrophosphate (aka, disodium dihydrogen pyrophosphate).

The "National Class":
All residents of the United States of America who, on or after May 2, 2010, purchased any of The Hain Celestial Group, Inc.'s "Earth's Best" food products that were labeled "all natural," yet contained Sodium Acid Pyrophosphate (aka, disodium dihydrogen pyrophosphate).

Answer:  Paragraph 19 sets forth Plaintiff's purported class definitions. Hain Celestial denies that a class action is legally valid or appropriate.

20.    Defendant and its officers and directors are excluded from each of the classes.

Answer:  Paragraph 20 sets forth the individuals Plaintiff purports to exclude from the purported classes. Hain Celestial denies that a class action is legally valid or appropriate.

21.    This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and membership in the proposed classes is easily ascertainable:

a.    Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of each of the classes are so numerous that joinder of all members is impractical, if not impossible, insofar as the Representative Plaintiff is informed and believes and, on that basis, alleges that the total number of class members in either class is in the tens of thousands of individuals. Membership in the classes will be determined by analysis of point of sale, electronic-mail and/or other transactional information, among other records maintained by Hain Celestial and/or entities affiliated therewith.

b.    Commonality: The Representative Plaintiff and the members of both classes share a community of interests in that there are numerous common questions and issues of fact and law which predominate over questions and issues solely affecting individual members, including, but not necessarily limited to:

1)  Whether Defendant's advertising of the Products was false, deceptive, and/or misleading;

2)  Whether Defendant knew or should have known that representing the Products as being "all natural" was false advertising thereof;

3)  Whether Defendant intentionally or negligently misrepresented, concealed or omitted a material fact regarding the true characteristics of the Products;

4)  Whether Defendant violated California Business and Professions Code § 17500, et seq. by engaging in misleading and/or deceptive advertising;

5)  Whether Defendant violated California Civil Code § 1750 and/or 1770, et seq. by representing that the Products had/has characteristics, uses and/or benefits which they do/did not have, and/or representing that these Products were and are of a particular standard, quality or grade, when they were not;

6)  Whether Defendant violated California Business and Professions Code § 17200, et seq. by engaging in unfair, unlawful and/or fraudulent business practices;

7)  Whether Defendant's misrepresentations, concealment and/or failures to disclose material fact(s) regarding the "all natural" characteristics of the Products is a breach of contract;

8)  Whether injunctive, corrective and/or declaratory relief is appropriate;

9)  Whether Defendant's conduct rises to the level sufficient to warrant an award of punitive damages.

c.  Typicality: The Representative Plaintiff's claims are typical of the claims of the members of each of the classes. Representative Plaintiff and all members of each of the classes sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein.

d.  Adequacy of Representation: The Representative Plaintiff in this class action is an adequate representative of each of the classes in that the Representative Plaintiff has the same interest in the litigation of this case as the members of both classes, is committed to vigorous prosecution of this case and has retained competent counsel who is experienced in prosecuting litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to other class members or the classes in their entirety. The Representative Plaintiff anticipates no management difficulties in this litigation.

e.   Superiority of Class Action: Since the damages suffered by individual class members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of each of the classes to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought, by each individual member of each of the classes, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other class members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

Answer:  Hain Celestial denies the allegations of Paragraph 21.

22.   This action is also certifiable under the provisions of Federal Rule of Civil Procedure 23(b)(l) and/or 23(b)(2).

Answer:  Hain Celestial denies the allegations of Paragraph 22.

23.   Representative Plaintiff reserves the right to establish sub-classes as appropriate and to amend the class definitions if discovery and further investigation reveal that the definitions should be expanded or otherwise modified.

Answer:  Paragraph 23 sets forth a legal conclusion as to which no responses is necessary.  To the extent a response is necessary, Hain Celestial denies that a class action is legally valid or appropriate and denies that Plaintiff is entitled to expand the purported class definitions or add sub-classes.

## COMMON FACTUAL ALLEGATIONS

24.   Defendant created its "all natural" product line specifically for people seeking food made with natural ingredients and, through product and labeling design, as well as a robust marketing campaign, Defendant preys on parents' concerns for the well-being of their children.  Defendant's direct targeting of the parent demographic is illustrated in a variety of ways, including but not necessarily limited to:

a.   Use of iconic "Sesame Street" characters on the front of its waffle boxes, on Defendant's Facebook page and across its web site;

b.   Use of a child-friendly "Comic" font on its waffle boxes;

c.   Use of primary colors on its waffle box labels;

d.   Small-bite size format of the waffles themselves;

e.   References to the "fun" of eating Defendant's waffles and the quickness and ease of preparation in various mediums;

f.    A website menu and web content that focus primarily on the benefits to children of consuming Defendant's products;

g.    Use of the term "all natural" prominently across the front and back labels of the waffles' boxes.

Answer:  Hain Celestial denies the allegations of Paragraph 24.  Moreover, the Court's October 3, 2104 order dismissed Plaintiff's claims to the extent they are based on statements on Hain Celestial's website or Facebook page.  ECF No. 33 at 11.

25.    Furthering its efforts to recruit parents' support and purchase of its products, as well as entice environmentally-focused consumers, Defendant's website offers a video with a soft female voiceover wherein Defendant claims, *inter alia*, that "for over 25 years, Earth's Best has been dedicated to using only the purest natural ingredients, not only because it's best for children's nutrition, but it's also the best for the world in which they will grow up" and that what Earth's Best does in providing ingredients of this character has "never been done before," all in keeping with its alleged "pride and mission of wanting to raise generation pure."  http://www.earthsbest.com/aboutearths-best/our-mission

Answer:  The Court's October 3, 2104 order dismissed Plaintiff's claims to the extent they are based on statements on Hain Celestial's website.  ECF No. 33 at 11.

26.    Moreover, as part of its broad-based social media advertising efforts, Defendant maintains a Facebook page to increase brand awareness and consumption. Among other enticements, Defendant provides resources for allegedly healthy eating and asks its Facebook page visitors to "connect" and follow Defendant on this social medium. Indeed, as of April 26, 2014, Defendant's Facebook page showed a total of 215,000 "likes" (a social media expression for positive approval of a page, posting, or comment), illustrating the reach of Defendant's mass media advertising efforts. https://www.facebook.com/EarthsBestOrganic?ref=nf

Answer:  The Court's October 3, 2104 order dismissed Plaintiff's claims to the extent they are based on statements on Hain Celestial's Facebook page.  ECF No. 33 at 11.

27.    Throughout the class period, Defendant engaged in the unfair, unlawful, deceptive, and fraudulent practice of describing and falsely advertising the Products listed heretofore in this Complaint as "all natural" when, in fact, they contain the synthetic chemical ingredient identified below.

Specifically, these Products contain, or contained at the time Representative Plaintiff purchased them, one or more non-natural, highly processed ingredients such as Sodium Acid Pyrophosphate.

Answer: Hain Celestial admits that the packaging for Earth's Best Organic® Organic Mini Waffles Homestyle and Earth's Best Organic® Organic Mini Waffles Blueberry includes the phrase "all natural" and that these products contain sodium acid pyrophosphate, as disclosed on their packaging. Hain Celestial denies the remaining allegations of Paragraph 27, including that any of its conduct is unfair, unlawful, deceptive, or fraudulent.

## SODIUM ACID PYROPHOSPHATE

28. Sodium Acid Pyrophosphate (hereinafter referred to as "SAPP"), an odorless white powder, also referred to as disodium dihydrogen pyrophosphate and/or disodium pyrophosphate, has various applications—from its use in leather treatment to remove iron stains on hides during processing, to stabilizing hydrogen peroxide solutions against reduction, to facilitating hair removal in hog slaughter, to feather removal from birds in poultry slaughter, to its use in petroleum production.

Answer: Hain Celestial lacks personal knowledge and information as to the scientific make-up and alternative uses of sodium acid pyrophosphate, which is subject to expert testimony, and on that basis denies the allegations of Paragraph 28.

29. Defendant uses SAPP in its All Natural Products that it sells to consumers, and label the resultant Products "all natural." Not only is SAPP a synthetic product, but excessive use can lead to imbalanced levels of minerals in the body and bone loss.

Answer: Hain Celestial admits that the packaging for Earth's Best Organic® Organic Mini Waffles Homestyle and Earth's Best Organic® Organic Mini Waffles Blueberry includes the phrase "all natural" and that these products contain sodium acid pyrophosphate, as disclosed on their packaging. Hain Celestial lacks personal knowledge and information as to the effects of excessive consumption of sodium acid pyrophosphate, which is subject to expert testimony, and on that basis denies the allegations of the second clause of the second sentence of Paragraph 29. Hain Celestial denies the remaining allegations of Paragraph 29.

30. The Products at issue herein are labeled "all natural," yet contain the non-natural ingredient listed above.

Answer:  Hain Celestial admits that the packaging for Earth's Best Organic® Organic Mini Waffles Homestyle and Earth's Best Organic® Organic Mini Waffles Blueberry includes the phrase "all natural" and that these products contain sodium acid pyrophosphate, as disclosed on their packaging. Hain Celestial denies the remaining allegations of Paragraph 30.

### **DEFENDANT'S STRATEGY TO APPEAL TO HEALTH CONSCIOUS CONSUMERS**

31.    Defendant engaged in this fraudulent advertising and marketing scheme because it knew that its target market values "all natural" food products and will pay more for these items due to the association consumers make between "all natural" food products and a wholesome way of life, the perceived higher quality, health and safety benefits of the products, and/or low impact on the environment.

Answer:  Hain Celestial denies the allegations of Paragraph 31.

32.    As such, Defendant's "all natural" labeling is central to its marketing of the Products and part of its overall strategy to capture the rapidly expanding natural foods market. As a result, Defendant's Products command a premium price, using "all natural" claims to distinguish them from its competitors' food products.

Answer:  Hain Celestial denies the allegations of Paragraph 32.

33.    As Defendant undoubtedly knows, many American consumers are health-conscious and seek out wholesome, natural foods to keep a healthy diet. Because of this, consumers routinely take nutrition information into consideration in selecting and purchasing food items.

Answer:  Hain Celestial lacks personal knowledge and information as to consumer perceptions and purchasing decisions, which are subject to expert testimony, and on that basis denies the allegations of Paragraph 33.

34.    Consumers also value "all natural" ingredients for myriad other reasons, including perceived benefits of avoiding disease, helping the environment, assisting local farmers, assisting factory workers who would otherwise be exposed to synthetic and hazardous substances, and financially supporting the companies that share these values.

Answer:  Hain Celestial lacks personal knowledge and information as to consumer perceptions and purchasing decisions, which are subject to expert testimony, and on that basis denies the allegations

of Paragraph 34.

35. Product package labels, including nutrition labels, are vehicles that convey nutrition information to consumers which they can and do use to make purchasing decisions. As noted by Food and Drug Administration Commissioner Dr. Margaret Hamburg during the FDA's Media Briefing on Front-of-Pack labeling on October 20, 2009, "[s]tudies show that consumers trust and believe the nutrition facts information and that many consumers use it to help them build a healthy diet." http://www.fda.gov/downloads/NewsEvents/Newsroom/MediaTranscripts/UCM187809.pdf.

Answer: Hain Celestial admits that food product labels contain nutrition information, as mandated by the FDA. Hain Celestial denies Plaintiff's characterization of the document cited in Paragraph 35, which speaks for itself, and denies the remaining allegations of Paragraph 35.

36. The prevalence of claims about nutritional content on food packaging in the United States has increased in recent years as manufacturers have sought to provide consumers with nutrition information and thereby influence their purchasing decisions. Indeed, a substantial percentage of food products sold in the United States have a health claim or a qualified health claim on the food package, and even more have nutrient content claims on their packaging.

Answer: Hain Celestial admits that food product labels contain nutrition information, as mandated by the FDA. Hain Celestial lacks personal knowledge and information as to the labeling decisions of other food manufacturers, and on that basis denies the remaining allegations of Paragraph 36.

37. Consumers attribute a wide range of benefits to foods made entirely of natural ingredients. Consumers perceive "all natural" foods to be higher quality, healthier, safer to eat and less damaging to the environment.

Answer: Hain Celestial lacks personal knowledge and information as to consumer perceptions, which are subject to expert testimony, and on that basis denies the allegations of Paragraph 37.

38. Catering to consumers' tastes for natural foods is tremendously advantageous for businesses. In 2008, foods labeled with the word "natural" produced $22.3 billion in sales, a 10% increase from 2007, and a 37% increase from 2004. http://www.nielsen.com/us/en/newswire/2009/â oenaturalâ -beats-â oeorganicâ -in-foodsales-according-to-nielsenâ ™s-healthy-eating-report.html. In

2009, sales increased again with products labeled "natural" producing $22.8 billion in sales. http://www.nielsen.com/us/en/newswire/2010/healthy-eating-trends-pt-1-commitment-trumpstheeconomic-pinch.html.

Answer:  Hain Celestial lacks personal knowledge regarding the information contained in Paragraph 38, and on that basis denies the allegations of Paragraph 38.  Hain Celestial further denies Plaintiff's characterization of the documents cited in Paragraph 38, which speaks for themselves.

39.    It was in an effort to capture the growing demand and to entice consumers to purchase its Products that Defendant committed the unlawful acts detailed in this Complaint.

Answer:  Hain Celestial denies the allegations of Paragraph 39.

40.    Consumers lack the ability to test or independently ascertain the accuracy of a food product label, especially at the point of sale. Reasonable consumers must and do rely on the company to honestly report the nature of a food product's ingredients.

Answer:  Hain Celestial lacks personal knowledge and information as to consumer perceptions and reliance, which are subject to expert testimony, and on that basis denies the allegations of Paragraph 40.  Hain Celestial denies the remaining allegations of Paragraph 40.

41.    Moreover, not having the specialized food chemistry and regulatory knowledge necessary to make independent determinations thereof, a reasonable consumer would interpret the fine print ingredient label in a way to be consistent with the front label representation.

Answer:  Hain Celestial lacks personal knowledge and information as to consumer knowledge and perceptions, which are subject to expert testimony, and on that basis denies the allegations of Paragraph 41.  Hain Celestial denies the remaining allegations of Paragraph 41.

42.    Defendant intends for consumers to rely upon its Products' labels, and reasonable consumers do, in fact, so rely. Those labels are the only available source of information consumers can use to make decisions on whether to buy "all natural" food products.

Answer:  Hain Celestial denies that it intends or expects all consumers to rely upon all portions of its Earth's Best Organic® Organic Mini Waffles Homestyle and Earth's Best Organic® Organic Mini Waffles Blueberry labels when making a purchasing decision.  Hain Celestial lacks personal knowledge and information as to consumer perceptions and reliance, which are subject to expert testimony, and on

that basis denies the allegations of the second clause of the first sentence of Paragraph 42. Hain Celestial denies the remaining allegations of Paragraph 42.

43. As a result of its false and misleading labeling, Defendant was able to sell its Products to thousands, if not tens of thousands, of consumers throughout the United States and to profit handsomely from these transactions.

Answer: Hain Celestial denies that it sells Earth's Best Organic® Organic Mini Waffles Homestyle and Earth's Best Organic® Organic Mini Waffles Blueberry directly to consumers and lacks personal knowledge and information as to the number of individual consumers who have purchased Earth's Best Organic® Organic Mini Waffles Homestyle and Earth's Best Organic® Organic Mini Waffles Blueberry, and on that basis denies that it has sold Earth's Best Organic® Organic Mini Waffles Homestyle and Earth's Best Organic® Organic Mini Waffles Blueberry "to thousands, if not tens of thousands of consumers throughout the United States." Hain Celestial denies the remaining allegations of Paragraph 43.

## DEFINITION OF "ALL NATURAL"

44. Representing that a food product or ingredient is "all natural" is a statement of fact, and this term has been defined by federal governmental agencies that regulate food companies such as Defendant.

Answer: Hain Celestial denies that there is a uniform definition of "all natural," and denies that the FDA has imposed a definition of "all natural" on "food companies such as Defendant."

45. Merriam Webster Dictionary defines the terms as follows:
"all" means "the whole amount" and "nothing but"

"natural" means "existing in nature and not made or caused by people" and "not having any extra substances or chemicals added: not containing anything artificial"

http://www.merriam-webster.com/dictionary.

Answer: Hain Celestial denies Plaintiff's characterization of the publication cited in Paragraph 45, which speaks for itself.

46. A reasonable consumer would rely on the definitions in the preceding paragraph in makes food purchasing decisions.

Answer: Hain Celestial denies the allegations of Paragraph 46.

47.	Specifically, the FDA has established a policy and defined the outer boundaries of the use

of the term "natural." According to this agency, at the very least, a product is not "natural" if it contains

color,	artificial	flavors,	or	synthetic	substances.	*See*

www.fda.gov/downloads/ForConsumers/ConsumerUpdates/UCM199361.pdf.

Answer: Hain Celestial denies Plaintiff's characterization of the document cited in Paragraph 47,

which speaks for itself.

48.	Pursuant to 7 C.F.R. § 205.2, an ingredient is synthetic if it is:

[a] substance that is formul ated or manufactured by a chemical process or by a

process that chemically changes a substance extracted from naturally occurring plant, animal, or mineral sources, except that such term shall not apply to substances

created by naturally occurring biological processes.

Answer: Hain Celestial denies Plaintiff's characterization of the regulation cited in Paragraph

48, which speaks for itself.

49.	Similarly, the USDA's Food Safety and Inspection Service ("FSIS") defines a "natural"

product as a product that does not contain any artificial or synthetic ingredient and does not contain any

ingredient that is more than "minimally processed":

Minimal processing may include: (a) those traditional processes used to make food edible or to preserve it or to make it safe for human consumption, e.g., smoking,

roasting, freezing, drying, and fermenting, or (b) those physical processes which do not fundamentally alter the raw product and/or which only separate a whole, intact

food into component parts, e.g., grinding meat, separating eggs into albumen and yolk, and pressing fruits to produce juices.

Relatively severe processes, e.g., solvent extraction, acid hydrolysis, and chemical

bleaching would clearly be considered more than minimal processing. . . .

*See* USDA FSIS, Food Standards and Labeling Policy Book, available at

www.fsis.usda.gov/OPPDE/larc/Policies/Labeling_Policy_Book_082005.pdf.

Answer: Hain Celestial denies Plaintiff's characterization of the document cited in Paragraph 49,

which speaks for itself.

50.	A reasonable consumer's understanding of the term "natural" comports with these federal

definitions.

Answer: Hain Celestial denies the allegations of Paragraph 50.

51.    A reasonable consumer would also expect that Defendant's Products are what Defendant identify them as on the Product labels (i.e., that they are "all natural," with no synthetic substances).

Answer:  Hain Celestial admits that the packaging for Earth's Best Organic® Organic Mini Waffles Homestyle and Earth's Best Organic® Organic Mini Waffles Blueberry includes the phrase "all natural."  Hain Celestial denies the remaining allegations of Paragraph 51.

**DEFENDANT'S MISREPRESENTATIONS**

52.    Throughout the class period, Defendant prominently and repeatedly included the phrase "all natural" on the labels of the Products at issue here, thereby cultivating a wholesome, healthful and socially conscious image in an effort to promote the sale of these Products, even though they were not "all natural."

Answer:  Hain Celestial admits that the packaging for Earth's Best Organic® Organic Mini Waffles Homestyle and Earth's Best Organic® Organic Mini Waffles Blueberry includes the phrase "all natural."  Hain Celestial denies the remaining allegations of Paragraph 52.

53.    Defendant made these false, misleading, and deceptive representations by labeling them in the manner detailed in the paragraphs below, and as shown in Attachment "A" hereto. From an advertising "best practices" perspective, Defendant made maximum use of the available space on the Products' packaging to announce the Products' alleged "all natural" character.

Answer:  Hain Celestial admits that the images in "Attachment A" appear to be derived from images of part of the packaging for Earth's Best Organic® Organic Mini Waffles Homestyle and Earth's Best Organic® Organic Mini Waffles Blueberry (with modifications by Plaintiff), and that the packaging for Earth's Best Organic® Organic Mini Waffles Homestyle and Earth's Best Organic® Organic Mini Waffles Blueberry includes the phrase "all natural."  Hain Celestial denies the remaining allegations of Paragraph 53.

54.    Defendant represents the Products to consumers as "all natural." The phrases "all natural" appear multiple times on the Products' labels. *See* Attachment "A" hereto.

Answer:  Hain Celestial admits that the images in "Attachment A" appear to be derived from images of part of the packaging for Earth's Best Organic® Organic Mini Waffles Homestyle and Earth's Best Organic® Organic Mini Waffles Blueberry (with modifications by Plaintiff), and that the

packaging for Earth's Best Organic® Organic Mini Waffles Homestyle and Earth's Best Organic® Organic Mini Waffles Blueberry includes the phrase "all natural." Hain Celestial denies the remaining allegations of Paragraph 54.

**DEFENDANT'S KNOWLEDGE OF THE FALSITY OF ITS ADVERTISING**

55. Defendant knew what representations it made regarding the Products, insofar as all of those representations appeared on the Products' packages.

Answer: Hain Celestial admits that it was aware that that the packaging for Earth's Best Organic® Organic Mini Waffles Homestyle and Earth's Best Organic® Organic Mini Waffles Blueberry includes the phrase "all natural."

56. Defendant also knew what ingredients were added to each Product, since it manufactured the Products, and then listed all of the Product ingredients on the Product packages. *See* Attachment "A" hereto.

Answer: Hain Celestial admits that it was aware that Earth's Best Organic® Organic Mini Waffles Homestyle and Earth's Best Organic® Organic Mini Waffles Blueberry contain sodium acid pyrophosphate, as disclosed on their packaging.

57. Defendant is governed by and knew the federal regulations that control the labeling of the Products and, thus, was aware that some of the ingredients have been federally-declared to be synthetic substances and/or require extensive processing to be used in food. Defendant retained expert nutritionists, food chemists, and other scientists, and spent much time and money in developing its own food technologies, such that it was aware that the synthetic substances used in the Products are not natural and never were.

Answer: Hain Celestial admits that certain federal regulations are applicable to the labeling of Earth's Best Organic® Organic Mini Waffles Homestyle and Earth's Best Organic® Organic Mini Waffles Blueberry and that it was aware of these regulations. Hain Celestial denies the remaining allegations of Paragraph 57.

58. Despite this knowledge, Defendant hid its wrongdoing and distracted consumers from further investigation by vis-á-vis advertisements on its website, on Facebook, and on the Product's packaging.

1    Answer:  Hain Celestial denies the allegations of Paragraph 58.  Moreover, the Court's October

2    3, 2104 order dismissed Plaintiff's claims to the extent they are based on statements on Hain Celestial's

3    website or Facebook page.  ECF No. 33 at 11.

4    59.    As such, Defendant knew all the facts demonstrating that the Products contain synthetic

5    substances and that the Products are falsely labeled, and that, by its website's further false statements,

6    consumers would rely on these misrepresentations to their detriment.

7    Answer:  Hain Celestial denies the allegations of Paragraph 59.  Moreover, the Court's October

8    3, 2104 order dismissed Plaintiff's claims to the extent they are based on statements on Hain Celestial's

9    website.  ECF No. 33 at 11.

10   60.    The misrepresentations and omissions were uniform and were communicated to

11   Representative Plaintiff and to each member of each class at every point of purchase and consumption.

12   Answer:  Hain Celestial denies the allegations of Paragraph 60.

13   61.    Since Representative Plaintiff and the members of the classes are not at fault for failing to

14   discover Defendant's wrongs before now and, thus, had no actual or presumptive knowledge of facts

15   sufficient to put them on inquiry, and since, to this day, Defendant has concealed and suppressed the true

16   characteristics of the Products, Defendant's continuing concealment tolls the applicable statute of

17   limitations.

18   Answer:  Hain Celestial denies the allegations of Paragraph 61.

19   **RELIANCE OF DEFENDANT'S FALSE REPRESENTATIONS**

20   62.    Consumers frequently rely on food label representations and information in making

21   purchase decisions.

22   Answer:  Hain Celestial lacks personal knowledge and information as to consumer purchase

23   decisions, which are subject to expert testimony, and on that basis denies the allegations of Paragraph

24   62.

25   63.    Each time Representative Plaintiff and the class members purchased the All Natural

26   Products, Representative Plaintiff and the class members saw the Products' packages and, thus, also saw

27   the false, misleading, and deceptive representations detailed above, yet did not receive disclosure of the

28   facts concealed as detailed above.

Answer: Hain Celestial denies the allegations of Paragraph 63.

64. Representative Plaintiff and the class members were among the intended recipients of Defendant's deceptive representations and omissions.

Answer: Hain Celestial denies the allegations of Paragraph 64.

65. Representative Plaintiff and the class members reasonably relied to their detriment on Defendant's misleading representations and omissions.

Answer: Hain Celestial denies the allegations of Paragraph 65.

66. Defendant's false, misleading, and deceptive misrepresentations and omissions were intended to deceive and mislead, and are likely to continue to deceive and mislead, Representative Plaintiff, class members, reasonable consumers, and the general public.

Answer: Hain Celestial denies the allegations of Paragraph 66.

67. Defendant's deceptive representations and omissions are material in that that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions. As such, Representative Plaintiff's and class members' reliance upon such representations and omissions may be presumed as a matter of law. The materiality of those representations and omissions also establishes causation between Defendant's conduct and the injuries sustained by Representative Plaintiff and members of both classes.

Answer: Hain Celestial denies the allegations of Paragraph 67.

68. As a direct and proximate result of Defendant's unfair and wrongful conduct, as set forth herein, Representative Plaintiff and class members (1) were misled into purchasing the Products, (2) received a product that failed to meet their reasonable expectations and Defendant's promises, (3) paid a sum (indeed, a premium sum) of money for a product that was not as represented and, thus, were deprived of the benefit of the bargain because the purchased Products had less value than what was represented by Defendant, (4) ingested a substance that was other than what was represented by Defendant and that Representative Plaintiff and class members did not expect or give informed consent to, (5) ingested a product that did not bring about the health benefits Defendant promised, and which may be harmful to health and, *inter alia*, (6) were forced to unwittingly support a company that

contributes to environmental, ecological, or health damage and denied the benefit of supporting companies that sell "all natural" foods and contribute to environmental sustainability and better health.

Answer:  Hain Celestial denies the allegations of Paragraph 68.

69.     Defendant, at all times, knew that Representative Plaintiff and class members would consider the Products' allegedly "all natural" characteristics to be material in their decision to purchase them and would rely upon the misrepresentations and/or omissions of Defendant. Defendant's concealment, misbranding and non-disclosure were intended to influence consumers' purchasing decisions and were done with reckless disregard for the rights of consumers. Representative Plaintiff's and class members' reliance and resultant substantial monetary loss were reasonably foreseeable by Defendant.

Answer:  Hain Celestial denies the allegations of Paragraph 69.

70.     This action is brought to redress and end Defendant's pattern of unfair and wrongful conduct. Indeed, without an award of damages and injunctive relief by this Court, Defendant is likely to continue to injure consumers and harm the public interest.

Answer:  Hain Celestial denies the allegations of Paragraph 70 and denies that Plaintiff is entitled to the requested relief.  Moreover, the Court's October 3, 2104 order dismissed Plaintiff's requests for injunctive relief.  ECF No. 33 at 10.

71.     In fact, as of the date of filing this Complaint, retail stores in the United States and California are selling the Products at issue and labeled "all natural." Even if, during the pendency of this litigation, Defendant elected to remove the "all natural" labeling from the Products, Defendant is not presently enjoined from putting the "all natural" representation back on its labels at any time it so decides. Accordingly, Representative Plaintiff seeks declaratory and injunctive relief to ensure Defendant has, in fact, removed any and all of the "all natural" representations from labels on the Products still available for purchase, and to prevent Defendant from making the "all natural" representation on the Product labels in the future as long as the Products continue to contain synthetic ingredients.

Answer:  Hain Celestial admits that Earth's Best Organic® Organic Mini Waffles Homestyle and Earth's Best Organic® Organic Mini Waffles Blueberry are sold in retail stores in the United States,

including in California, and that the phrase "all natural" is included on their packaging. Hain Celestial also admits that it is not enjoined from using the phrase "all natural" on the packaging of Earth's Organic® Organic Mini Waffles Homestyle and Earth's Best Organic® Organic Mini Waffles Blueberry. Hain Celestial denies the remaining allegations of Paragraph 71 and denies that Plaintiff is entitled to the requested relief. Moreover, the Court's October 3, 2104 order dismissed Plaintiff's requests for injunctive relief. ECF No. 33 at 10.

**FIRST CLAIM FOR RELIEF**
**Deceptive Advertising Practices**
**(California Business & Professions Code §§ 17500, et seq.)**
*(for the California Class Only)*

72.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

Answer:  Hain Celestial repeats and re-alleges as if set forth herein its responses set forth in the preceding paragraphs in response to Paragraph 72.

73.     California Business & Professions Code § 17500 prohibits "unfair, deceptive, untrue or misleading advertising."

Answer:  Paragraph 73 sets forth a legal conclusion as to which no response is necessary.

74.     Defendant violated California Business & Professions Code § 17500 when it represented, through its false and misleading advertising, and other express representations, that Defendant's All Natural Products possessed characteristics and a value that they did not actually have.

Answer:  Hain Celestial denies the allegations of Paragraph 74.

75.     Defendant's deceptive practices were specifically designed to induce Representative Plaintiff and members of the California class to purchase the Products. Defendant engaged in broadbased marketing efforts to reach Representative Plaintiff and California class members and to induce them to purchase these Products. Defendant was successful in masking its dishonesty insofar as it did induce Representative Plaintiff and members of the California class to unwittingly purchase the Products.

Answer:  Hain Celestial denies the allegations of Paragraph 75.

76.     Representative Plaintiff and members of the California class would not have purchased and consumed the Products had it not been for Defendant's misrepresentations of material facts. Representative Plaintiff and members of the California class were denied the benefit of the bargain when

they decided to purchase the Products over competitor products (which are less expensive, actually contain "all natural" ingredients and/or do not unlawfully claim to be "all natural"). Had Representative Plaintiff and members of the California class been aware of these false and misleading advertising tactics, they would have paid less than what they did pay for these Products, or they would not have purchased the Products at all.

Answer:  Hain Celestial denies the allegations of Paragraph 76.

77.     The above acts of Defendant, in disseminating said misleading and deceptive representations and statements throughout the State of California to consumers, including Representative Plaintiff and members of the California class, were and are likely to deceive reasonable consumers by obfuscating the nature of the ingredients of the All Natural Products, all in violation of California Business and Professions Code § 17500, *et seq.*

Answer:  Hain Celestial denies the allegations of Paragraph 77.

78.     In making and disseminating the statements alleged herein, Defendant knew or should have known that the statements were untrue or misleading, and acted in violation of California Business & Professions Code § 17500, *et seq.*

Answer:  Hain Celestial denies the allegations of Paragraph 78.

79.     To this day, Defendant continues to engage in unlawful, unfair and deceptive practices in violation of California Business & Professions Code § 17500. Specifically, Defendant continues to use advertising on its packaging and on its website that is deceptive to induce consumers to purchase the All Natural Products.

Answer:  Hain Celestial denies the allegations of Paragraph 79.  Moreover, the Court's October 3, 2104 order dismissed Plaintiff's claims to the extent they are based on statements on Hain Celestial's website.  ECF No. 33 at 11.

80.     As a direct and proximate result of Defendant's unlawful conduct in violation of California Business & Professions Code § 17500, Representative Plaintiff and members of the California class, pursuant to California Business and Professions Code § 17535, are entitled to an Order of this Court enjoining such future wrongful conduct on the part of Defendant, and requiring Defendant to fully disclose the true nature of its misrepresentations.

Answer:  Hain Celestial denies the allegations of Paragraph 80.  Moreover, the Court's October 3, 2104 order dismissed Plaintiff's requests for injunctive relief.  ECF No. 33 at 10.

81.     Additionally, Representative Plaintiff and members of the California class request an Order requiring Defendant to disgorge its ill-gotten gains and/or award full restitution of all monies wrongfully acquired by Defendant by means of such acts of false advertising, plus interest and attorneys' fees.

Answer:  Hain Celestial denies that the order sought by Plaintiff is legally justified or appropriate, and denies the remaining allegations of Paragraph 81.

### SECOND CLAIM FOR RELIEF
**Consumers Legal Remedies Act**
**(California Civil Code § 1750, et seq.)**
**(*for the California Class Only*)**

82.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

Answer:  Hain Celestial repeats and re-alleges as if set forth herein its responses set forth in the preceding paragraphs in response to Paragraph 82.

83.     Representative Plaintiff brings this action pursuant to California's Consumer Legal Remedies Act ("CLRA"); California Civil Code § 1750, *et seq* .

Answer:  Paragraph 83 sets forth a legal conclusion as to which no response is necessary.

84.     The CLRA provides that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful."

Answer:  Paragraph 84 sets forth a legal conclusion as to which no response is necessary.

85.     The All Natural Products are "goods," as defined by the CLRA in California Civil Code § 1761(a).

Answer:  Paragraph 85 sets forth a legal conclusion as to which no response is necessary.

86.     Each Defendant is a "person," as defined by the CLRA in California Civil Code § 1761(c).

Answer:  Paragraph 86 sets forth a legal conclusion as to which no response is necessary.

87.     Representative Plaintiff and members of the California class are "consumers," as defined by the CLRA in California Civil Code § 1761(d).

Answer:  Paragraph 87 sets forth a legal conclusion as to which no response is necessary.

88.     Purchases of the All Natural Products by Representative Plaintiff and members of the California class are "transactions," as defined by California Civil Code § 1761(e).

Answer:  Paragraph 88 sets forth a legal conclusion as to which no response is necessary.

89.     Defendant engaged in unfair and deceptive acts declared unlawful by the CLRA by knowingly and intentionally mislabeling the All Natural Products when, in fact, these Products contain one or more artificial man-made ingredients (i.e., that do not occur in nature).

Answer:  Hain Celestial denies the allegations of Paragraph 89.

90.     Representing that its Products had/has characteristics, uses and/or benefits which they did/do not have, and representing that these Products were and are of a particular standard, quality, or grade, when they were, in fact, of another standard, quality and/or grade, constituted and continues to constitute an unfair or deceptive trade practice under the provisions of California Civil Code §§ 1770(a)(5) and 1770(a)(7).

Answer:  Hain Celestial denies the allegations of Paragraph 90.

91.     Defendant violated the CLRA by representing and advertising that these Products, as discussed above, were "all natural." Defendant knew, however, that this was not the case and that, in reality, these Products contained one or more synthetic chemical ingredients.

Answer:  Hain Celestial denies the allegations of Paragraph 91.

92.     Representative Plaintiff and members of California class reasonably and justifiably relied on Defendant's misrepresentations in purchasing these misbranded Products. Had the Products been honestly advertised and labeled, Representative Plaintiff and members of California class would not have purchased them and/or would have paid less than what they did pay for these Products.

Answer:  Hain Celestial denies the allegations of Paragraph 92.

93. Representative Plaintiff and members of California class were unaware of the existence of facts that Defendant suppressed and failed to disclose and, had the facts been known, would not have purchased the Products and/or purchased them at the prices at which they were offered.

Answer: Hain Celestial denies the allegations of Paragraph 93.

94. Representative Plaintiff and the members of the California class have been directly and proximately injured by Defendant's conduct. Such injury may, but does not necessarily include and is not limited to, the purchase of the Products and/or the purchase of the Products at the prices at which they were offered.

Answer: Hain Celestial denies the allegations of Paragraph 94.

95. Insofar as Defendant's conduct violated California Civil Code § 1770(a)(5), Representative Plaintiff and members of the California class are entitled to (pursuant to California Civil Code § 1780, *et seq* .) and do seek injunctive relief to end Defendant's violations of the California Consumers Legal Remedies Act.

Answer: Hain Celestial denies the allegations of Paragraph 95. Moreover, the Court's October 3, 2104 order dismissed Plaintiff's requests for injunctive relief. ECF No. 33 at 10.

96. Moreover, Defendant's conduct is malicious, fraudulent, and wanton. Defendant intentionally misled and withheld material information from consumers to increase the sale of its Products.

Answer: Hain Celestial denies the allegations of Paragraph 96.

97. Pursuant to California Civil Code § 1782(a), Representative Plaintiff on her own behalf, and on behalf of members of the California class, has notified Defendant of the alleged violations of the Consumer Legal Remedies Act. If, after 30 days from the date of the notification letter, Defendant has failed to provide appropriate relief for the violations, Representative Plaintiff will amend this Complaint to seek compensatory, monetary and punitive damages, in addition to equitable and injunctive relief, and will further request that this Court enter such Orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair business practices, and for such other relief as provided in California Civil Code § 1780 and the Prayer for Relief.

Answer: Hain Celestial admits that it received a letter from Plaintiff Ham that purported to

provide notice under the Consumer Legal Remedies Act. Hain Celestial denies the remaining allegations of Paragraph 97, including that the relief sought by Plaintiff is legally justified or appropriate. Moreover, the Court's October 3, 2104 order dismissed Plaintiff's requests for injunctive relief. ECF No. 33 at 10.

**THIRD CLAIM FOR RELIEF**
**Common Law Fraud**
***(for the California and Nationwide Classes)***

98. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

Answer: Hain Celestial repeats and re-alleges as if set forth herein its responses set forth in the preceding paragraphs in response to Paragraph 98.

99. Defendant willfully, falsely, and knowingly misrepresented material facts relating to the character and quality of the Products. These misrepresentations are contained in various media advertising and packaging disseminated or caused to be disseminated by Defendant, and such misrepresentations were reiterated and disseminated by officers, agents, representatives, servants, or employees of Defendant, acting within the scope of their authority, and employed by Defendant to merchandise and market the Products.

Answer: Hain Celestial denies the allegations of Paragraph 99. Moreover, the Court's October 3, 2104 order dismissed Plaintiff's claims to the extent they are based on statements on Hain Celestial's website or Facebook page. ECF No. 33 at 11.

100. Defendant's misrepresentations were the type of misrepresentations that are material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions).

Answer: Hain Celestial denies the allegations of Paragraph 100.

101. Defendant knew that the misrepresentations alleged herein were false at the time it made them and/or acted recklessly in making such misrepresentations.

Answer: Hain Celestial denies the allegations of Paragraph 101.

102. Defendant intended that Representative Plaintiff and members of both classes rely on the misrepresentations alleged herein and purchase the Products.

1    Answer:  Hain Celestial denies the allegations of Paragraph 102.

2    103.    Representative Plaintiff and members of both classes reasonably and justifiably relied on

3    Defendant's misrepresentations when purchasing the Products, were unaware of the existence of facts

4    that Defendant suppressed and failed to disclose, and, had the facts been known, would not have

5    purchased the Products and/or purchased them at the prices at which they were offered.

6    Answer:  Hain Celestial denies the allegations of Paragraph 103.

7    104.    As a direct and proximate result of Defendant's wrongful conduct, Representative

8    Plaintiff and members of both classes have suffered and continue to suffer economic losses and other

9    general and specific damages, including, but not necessarily limited to, the monies paid to Defendant,

10   and any interest that would have accrued on those monies, all in an amount to be proven at trial.

11   Answer:  Hain Celestial denies the allegations of Paragraph 104.

12   105.    Moreover, in that, at all times herein mentioned, Defendant intended to cause or acted

13   with reckless disregard of the probability of causing damage to Representative Plaintiff and members of

14   both classes, and because Defendant was guilty of oppressive, fraudulent and/or malicious conduct,

15   Representative Plaintiff and members of both classes are entitled to an award of exemplary or punitive

16   damages against Defendant in an amount adequate to deter such conduct in the future.

17   Answer:  Hain Celestial denies the allegations of Paragraph 105.

18
19   **FOURTH CLAIM FOR RELIEF**
     **Negligent Misrepresentation**
20   (*for the California and Nationwide Classes*)

21   106.    Representative Plaintiff incorporates in this cause of action each and every allegation of

22   the preceding paragraphs, with the same force and effect as though fully set forth herein.

23   Answer:  Hain Celestial repeats and re-alleges as if set forth herein its responses set forth in the

24   preceding paragraphs in response to Paragraph 106.

25   107.    Defendant, directly or through its agents and employees, made false representations to

26   Representative Plaintiff and members of both classes.

27   Answer:  Hain Celestial denies the allegations of Paragraph 107.

28

108.    Defendant owed a duty to Representative Plaintiff and members of both classes to disclose the material facts set forth above about the Products.

Answer:  Hain Celestial denies the allegations of Paragraph 108.

109.    In making the representations, and in doing the acts alleged above, Defendant acted without any reasonable grounds for believing the representations were true, and intended by said representations to induce the reliance of Representative Plaintiff and members of both classes.

Answer:  Hain Celestial denies the allegations of Paragraph 109.

110.    Representative Plaintiff and members of both classes reasonably and justifiably relied on Defendant's misrepresentations when purchasing the All Natural Products, were unaware of the existence of facts that Defendant suppressed and failed to disclose and, had the facts been known, would not have purchased the Products and/or purchased them at the price at which they were offered.

Answer:  Hain Celestial denies the allegations of Paragraph 110.

111.    As a direct and proximate result of these misrepresentations, Representative Plaintiff and members of both classes have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the amounts paid for the All Natural Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

Answer:  Hain Celestial denies the allegations of Paragraph 111.

**FIFTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
***(for the California Class Only)***

112.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

Answer:  Hain Celestial repeats and re-alleges as if set forth herein its responses set forth in the preceding paragraphs in response to Paragraph 112.

113.    By advertising and selling the Products at issue here as "all natural," Defendant made promises and affirmations of fact on these Products' packaging, and through its marketing and advertising, as described above. This marketing and advertising constitutes express warranties and

became part of the basis of the bargain between Representative Plaintiff and members of the California class, on the one hand, and Defendant, on the other.

Answer: Hain Celestial denies the allegations of Paragraph 113. Moreover, the Court's October 3, 2104 order dismissed Plaintiff's claims to the extent they are based on statements on Hain Celestial's website or Facebook page. ECF No. 33 at 11.

114. Defendant purports, through its advertising, to create express warranties of the Products at issue here as "all natural" by making the affirmation of fact, and promising that these Products were and are "all natural."

Answer: Hain Celestial denies the allegations of Paragraph 114. Moreover, the Court's October 3, 2104 order dismissed Plaintiff's claims to the extent they are based on statements on Hain Celestial's website or Facebook page. ECF No. 33 at 11.

115. Despite express warranties about the "all natural" character of these Products, the All Natural Products contain one or more synthetic chemical ingredients, as discussed above.

Answer: Hain Celestial denies the allegations of Paragraph 115.

116. Defendant breached express warranties about these Products and their qualities because these Products do not conform to Defendant's affirmations and promises to be "all natural."

Answer: Hain Celestial denies the allegations of Paragraph 116.

117. As a direct and proximate result of Defendant's breach of express warranty, Representative Plaintiff and members of the California class were harmed in the amount of the purchase price they paid for these Products. Moreover, Representative Plaintiff and members of both classes have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the amounts paid for the All Natural Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

Answer: Hain Celestial denies the allegations of Paragraph 117.

## SIXTH CLAIM FOR RELIEF
### Breach of Contract
*(for the California and Nationwide Classes)*

118.    Representative Plaintiff incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

Answer:  Hain Celestial repeats and re-alleges as if set forth herein its responses set forth in the preceding paragraphs in response to Paragraph 118.

119.    Representative Plaintiff and members of both classes had a valid contract, supported by sufficient consideration, pursuant to which Defendant was obligated to provide food products which were, in fact, "all natural," as represented by Defendant.

Answer:  Hain Celestial denies the allegations of Paragraph 119.  Moreover, the Court's October 3, 2104 order dismissed Plaintiff's breach of contract claim.  ECF No. 33 at 9.

120.    Defendant materially breached its contract with Representative Plaintiff and members of both classes by providing the Products, which were not "all natural."

Answer:  Hain Celestial denies the allegations of Paragraph 120.  Moreover, the Court's October 3, 2104 order dismissed Plaintiff's breach of contract claim.  ECF No. 33 at 9.

121.    As a result of Defendant's breach, Representative Plaintiff and members of both classes were damaged in that they received a product with less value than the amount paid. Moreover, Representative Plaintiff and members of both classes have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the amounts paid for the All Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

Answer:  Hain Celestial denies the allegations of Paragraph 121.  Moreover, the Court's October 3, 2104 order dismissed Plaintiff's breach of contract claim.  ECF No. 33 at 9.

## SEVENTH CLAIM FOR RELIEF
### Unfair Business Practices
### (California Business & Professions Code §§ 17200-17208)
*(for the California Class Only)*

122.    Representative Plaintiff incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

Answer:  Hain Celestial repeats and re-alleges as if set forth herein its responses set forth in the preceding paragraphs in response to Paragraph 122.

123.    Representative Plaintiff brings this claim seeking equitable and injunctive relief to stop Defendant's misconduct, as complained of herein, and to seek restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices described herein.

Answer:   Hain Celestial denies that the relief sought by Plaintiff is legally justified or appropriate, and denies the remaining allegations of Paragraph 123.  Moreover, the Court's October 3, 2104 order dismissed Plaintiff's requests for injunctive relief.  ECF No. 33 at 10.

124.    Defendant's knowing conduct, as alleged herein, constitutes an "unfair" and/or "fraudulent" business practice, as set forth in California Business & Professions Code §§ 17200- 17208. Representative Plaintiff also asserts a violation of public policy by Defendant by withholding material facts from consumers.

Answer:  Hain Celestial denies the allegations of Paragraph 124.

125.    Defendant's conduct was and continues to be fraudulent, because directly or through its agents and employees, Defendant made false representations to Representative Plaintiff and members of the California class that were likely to deceive them. The false representations made through labeling of the Products as "all natural" were and are likely to deceive reasonable California purchasers, such as the Representative Plaintiff and members of the California class, into purchasing the Products.

Answer:  Hain Celestial denies the allegations of Paragraph 125.

126.    There were reasonable alternatives available to Defendant to further Defendant's legitimate business interests, other than the conduct described herein.

Answer:  Paragraph 126 sets forth a legal conclusion as to which no response is necessary.  To the extent a response is necessary, Hain Celestial denies the allegations of Paragraph 126.

127.    Defendant's misrepresentations of material facts, as set forth herein, also constitute an "unlawful" practice because they, *inter alia*, violate California Civil Code §§ 1572, 1573, 1709, 1710, 1711 and 1770, as well as the common law. Further, Defendant's misrepresentations violate California's Sherman Food, Drug, and Cosmetic Law ("Sherman Law") which provides that "[a]ny food is

misbranded if its labeling is false or misleading in any particular." California Health and Safety code, Division 104, Part 5, Article 6 § 110660.

Answer:  Hain Celestial denies the allegations of Paragraph 127.

128.    Finally, Defendant's conduct violates the FDA's policy concerning what is "natural," as set forth throughout this Complaint, although Representative Plaintiff does not seek to enforce any of the state law claims raised herein so as to impose any standard of conduct that exceeds that which would violate the FDA policy concerning, or definitions of what is "natural."

Answer:  Hain Celestial denies the allegations of the first clause of Paragraph 128.  The remainder of Paragraph 128 sets forth a legal conclusion as to which no response is necessary.  To the extent a response is necessary, Hain Celestial denies the remaining allegations of Paragraph 128.

129.    Defendant's conduct in making the representations described herein constitutes a knowing failure to adopt policies in accordance with and/or adherence to applicable laws, as set forth herein, all of which are binding upon and burdensome to its competitors. This conduct engenders an unfair competitive advantage for Defendant, thereby constituting an unfair business practice under California Business & Professions Code §§ 17200-17208.

Answer:  Hain Celestial denies the allegations of Paragraph 129.

130.    In addition, Defendant's conduct was, and continues to be, unfair, in that its injury to countless purchasers of the Products is substantial, and is not outweighed by any countervailing benefits to consumers or to competitors.

Answer:  Hain Celestial denies the allegations of Paragraph 130.

131.    Moreover, Representative Plaintiff and members of the California class could not have reasonably avoided such injury, given that Defendant failed to disclose the Products' true characteristics at any point. Representative Plaintiff and members of the California class purchased the Products in reliance on the representations made by Defendant, as alleged herein.

Answer:  Hain Celestial denies the allegations of Paragraph 131.

132.    Representative Plaintiff and members of the California class have been directly and proximately injured by Defendant's conduct in ways including, but not necessarily limited to, the monies paid to Defendant for Products that lack the characteristics advertised, interest lost on those monies, and

their unwitting support of a business enterprise that promotes deception and undue greed to the detriment of health- and environmentally-conscious consumers.

Answer: Hain Celestial denies the allegations of Paragraph 132.

133. As a result of the business acts and practices described above, Representative Plaintiff and members of the California class, pursuant to California Business and Professions Code § 17203, are entitled to an Order enjoining such future wrongful conduct on the part of Defendant and such other Orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for the All Natural Products as a result of the wrongful conduct of Defendant.

Answer: Hain Celestial denies the allegations of Paragraph 133. Moreover, the Court's October 3, 2104 order dismissed Plaintiff's requests for injunctive relief. ECF No. 33 at 10.

134. Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to the Representative Plaintiff and members of the California class herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record.

Answer: Hain Celestial denies the allegations of Paragraph 134.

**EIGHTH CLAIM FOR RELIEF**
**Quasi-Contract/Unjust Enrichment**
***(for the California and Nationwide Classes)***

135. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

Answer: Hain Celestial repeats and re-alleges as if set forth herein its responses set forth in the preceding paragraphs in response to Paragraph 135.

136. As alleged herein, Defendant intentionally and/or recklessly made false representations to Representative Plaintiff and members of both classes to induce them to purchase the Products. Representative Plaintiff and members of both classes reasonably relied on these false representations when purchasing the Products.

Answer:  Hain Celestial denies the allegations of Paragraph 136.  Moreover, the Court's October 3, 2104 order dismissed Plaintiff's claim for quasi-contract/unjust enrichment.  ECF No. 33 at 9.

137.    Representative Plaintiff and members of both classes did not receive all of the benefits promised by Defendant, and paid more to Defendant for the Products than they otherwise would and/or should have paid.

Answer:  Hain Celestial denies the allegations of Paragraph 137.  Moreover, the Court's October 3, 2104 order dismissed Plaintiff's claim for quasi-contract/unjust enrichment.  ECF No. 33 at 9.

138.    Defendant's conduct in enticing Representative Plaintiff and members of both classes to purchase Defendant's Products through Defendant's false and misleading packaging, as described in this Complaint, is unlawful because the statements contained on the Product labels are untrue.  Defendant took monies from Representative Plaintiff and members of both classes for Products promised to be "all natural," even though the Products were not "all natural" as detailed in this Complaint. Defendant has been unjustly enriched at the expense of Representative Plaintiff and members of both classes as a result of the unlawful conduct alleged herein, thereby creating a quasicontractual obligation on Defendant to restore these ill-gotten gains to Representative Plaintiff and member of both classes.

Answer:  Hain Celestial denies the allegations of Paragraph 138.  Moreover, the Court's October 3, 2104 order dismissed Plaintiff's claim for quasi-contract/unjust enrichment.  ECF No. 33 at 9.

139.    It would be inequitable and unconscionable for Defendant to retain the profit, benefit and/or other compensation it obtained from its deceptive, misleading, and unlawful conduct alleged herein.

Answer:  Hain Celestial denies the allegations of Paragraph 139.  Moreover, the Court's October 3, 2104 order dismissed Plaintiff's claim for quasi-contract/unjust enrichment.  ECF No. 33 at 9.

140.    As a direct and proximate result of Defendant's unjust enrichment, Representative Plaintiff and members of both classes are entitled to restitution of, disgorgement of, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

Answer:  Hain Celestial denies the allegations of Paragraph 140.  Moreover, the Court's October 3, 2104 order dismissed Plaintiff's claim for quasi-contract/unjust enrichment.  ECF No. 33 at 9.

# RELIEF SOUGHT

Hain Celestial denies that Plaintiff is entitled entitled to any of the relief sought.

* * * * * *

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Preemption)

Plaintiff's claims are preempted under the federal Nutrition Labeling and Education Act, 21 U.S.C. § 341 *et seq.* Because the Complaint seeks to impose labeling requirements different than those required under the NLEA, the claims are preempted.

## SECOND AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

The labeling of food products is subject to extensive regulation by the Food and Drug Administration and the FDA has primary jurisdiction to determine whether food products are properly labeled. This Court should decline to adjudicate the claims in the Complaint because they fall within the primary jurisdiction of the FDA. *See* 21 C.F.R. § 10.25(b) ("FDA has primary jurisdiction to make the initial determination on issues within its statutory mandate"); *see also* 21 U.S.C. § 393(b)(2)(A) (establishing that FDA shall ensure that foods are "properly labeled").

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted because the representations made on Hain Celestial's labels were accurate. The Complaint also fails to state a claim upon which relief can be granted because it fails to allege any facts to support the conclusion that any representations made by Hain Celestial in its labeling are false or misleading, or violate any state or federal labeling regulations. The Complaint further fails to state a claim upon which relief can be granted because it fails to allege any facts to support the claim that Plaintiff suffered any damages as a result of any act or omission on the part of Hain Celestial.

## FOURTH AFFIRMATIVE DEFENSE

### (No Standing)

Plaintiff is not entitled to relief under the statutes and theories invoked in the Complaint because Plaintiff lacks standing.

## FIFTH AFFIRMATIVE DEFENSE

### (Performance of Duties)

Hain Celestial has fully performed any and all contractual, statutory, and other duties, and Plaintiff is therefore estopped from asserting any cause of action against Hain Celestial.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Justifiable Reliance)

Plaintiff's claims are barred, in whole or in part, because Plaintiff knew, at all times, the characteristics, ingredients, uses, benefits, qualities, standards, and grade of the products and therefore could not have justifiably relied on the alleged misrepresentations or omissions asserted in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred to the extent that they go beyond the applicable statutes of limitation.

# ELEVENTH AFFIRMATIVE DEFENSE

## (Laches)

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

# TWELFTH AFFIRMATIVE DEFENSE

## (Reservation of Additional Defenses)

Hain Celestial hereby reserves the right to amend its answer to raise additional affirmative defenses as they become available or apparent to it through discovery in this matter or otherwise.


Dated:  October 17, 2014

JENNER & BLOCK LLP

/s Kenneth K. Lee
_____
By: Kenneth K. Lee

Attorneys for Defendant
The Hain Celestial Group, Inc.