Scott Edward Cole, Esq. (S.B. #160744)
Molly A. DeSario, Esq. (S.B. #230763)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
Email:  scole@scalaw.com
Email:  mdesario@scalaw.com
Web:    www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Classes

**JENNER & BLOCK LLP**
Kenneth K. Lee (Cal. Bar No. 264296)
klee@jenner.com
Kelly M. Morrison (Cal. Bar No. 255513)
kmorrison@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054
Phone:       (213) 239-5100
Facsimile:   (213) 239-5199

**JENNER & BLOCK LLP**
Dean N. Panos (admitted *pro hac vice*)
dpanos@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Phone:       (312) 222-9350
Facsimile:   (312) 527-0484

Attorneys for The Hain Celestial Group, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA BELEN HAM, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> THE HAIN CELESTIAL GROUP, INC. <br><br> Defendant. | **Case No. 3:14-cv-02044-WHO** <br><br> **CLASS ACTION** <br><br> **STIPULATION AND ORDER TO STAY CASE PENDING THE NINTH CIRCUIT'S RESOLUTION OF *BRAZIL V. DOLE FOOD COMPANY, INC., JONES V. CONAGRA FOODS, INC.,* AND *KOSTA V. DEL MONTE FOODS, INC.*** |

-1-
Stipulation and Order to Stay Case

Plaintiff Ana Belen Ham ("Plaintiff") and defendant The Hain Celestial Group, Inc. ("Defendant") hereby agree and stipulate as follows:

**WHEREAS** this lawsuit challenges allegedly false and deceptive mislabeling of food products manufactured by Defendant;

**WHEREAS** the parties expect that anticipated decisions made by the Ninth Circuit in the appeals in *Brazil v. Dole Food Company, Inc.*, No. 14-17480 (9th Cir. Filed December 17, 2014), *Jones v. ConAgra Foods, Inc.*, No. 14-16327 (9th Cir. Filed July 14, 2014), and *Kosta v. Del Monte Foods, Inc.*, No. 15-16974 (9th Cir. Filed October 2, 2015) will provide useful guidance on threshold issues in this case relating to ascertainability, predominance, and monetary relief;

**WHEREAS** other courts in this district have stayed similar food labeling cases because the litigants expect that the aforementioned anticipated decisions made by the Ninth Circuit will provide useful guidance on threshold issues of ascertainability, predominance, and monetary relief. *See Pardini v. Unilever United States, Inc.*, No. 13-cv-01675-SC, 2015 U.S. Dist. LEXIS 49752, at *6 (N.D. Cal. Apr. 15, 2015); *Wilson v. Frito-Lay North Am., Inc.*, No. 12-CV-1586 SC, 2015 U.S. Dist. LEXIS 94179, at *5 (N.D. Cal. July 20, 2015); *Leonhart v. Nature's Path Foods, Inc.*, No. 13-cv-00492-BLF, 2015 U.S. Dist. LEXIS 73269, *9 (N.D. Cal. June 5, 2015); Order Staying Case, *Parker v. J.M. Smucker Co.*, No. 13-0690 SC, Dkt. No 74 (N.D. Cal. December 18, 2014); *Gustavson v. Mars, Inc.*, No. 13-CV-04537-LHK, 2014 U.S. Dist. LEXIS 171736 (N.D. Cal. Dec. 10, 2014); Stipulation And Order Staying Case, *Swearingen v. ConAgra Foods, Inc.*, No. C13-05322, Dkt. No. 36 (N.D. Cal. Jan. 9, 2015); and Order By Judge Haywood S. Gilliam, Jr. Staying Case, *Allen v. ConAgra Foods, Inc.*, 3:13-CV-01279-VC, Dkt. No. 152 (N.D. Cal. 2013);

**WHEREAS** the *Brazil* appeal raises issues pertinent to Plaintiff's motion for class certification: While Judge Koh initially certified a damages and injunctive class of consumers who purchased Dole food products bearing the allegedly false label "All Natural Fruit," she later decertified the class because she found the plaintiff's regression analysis to be insufficient. *Brazil v. Dole Packaged Foods, LLC*, No. 12-CV-01831-LHK, 2014 U.S. Dist. LEXIS 74234, at *68-

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

71 (N.D. Cal. May 30, 2014); *Brazil v. Dole Packaged Foods, LLC*, No. 12-CV-01831-LHK, 2014 U.S. Dist. LEXIS 157575, at *45 (N.D. Cal. Nov. 6, 2014) (decertifying damages class). At issue on appeal in *Brazil* is whether the only possible model of restitution or disgorgement is the difference-in-value method adopted by this Court;

**WHEREAS** the *Jones* appeal raises three additional relevant issues: (1) imposition and analysis of the ascertainability requirement; (2) analysis of the predominance requirement; and (3) determination of an acceptable restitution/damages theory. *See* Brief of Appellant at 2, *Jones v. ConAgra Foods, Inc.*, No. 14-16327 (9th Cir. Nov. 21, 2014). "Those very same issues are almost certain to be raised in this case, and they are likely to be dispositive on a motion for class certification." *Pardini*, 2015 U.S. Dist. LEXIS 49752, at *6;

**WHEREAS** the *Del Monte* appeal involves, *inter alia*, the issues of ascertainability and materiality, both of which Plaintiff anticipates Defendant will raise as issues in this case.

**WHEREAS** the Court has the inherent power to stay proceedings. *Pardini*, 2015 U.S. Dist. LEXIS 49752, at *2 (quoting *Landis v. Am. Co.*, 299 U.S. 248, 254 (1936)). In deciding whether to stay proceedings, the Court considers "the possible damage which may result from granting a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Id*. at *2-3 (quoting *CMAX, Inc. v. Hall*, 300 F. 2d 265, 268 (9th Cir. 1962)). In cases where substantial litigation is likely to take place during the pendency of an appeal, courts have granted a stay as a means of conserving judicial resources. *See Canal Props. LLC v. Alliant Tax Credit V, Inc.*, No. C04–03201 SI, 2005 U.S. Dist. LEXIS 49366, at *9 (N.D. Cal. June 29, 2005) (granting stay where case on appeal was likely to have preclusive effect, and where substantial litigation would likely take place during the pendency of the appeal);

**WHEREAS** a stay here will promote the orderly course of justice through the simplification of the legal questions of how the requirements for ascertainability, materiality, and predominance apply in consumer class actions, as well as what the appropriate damages theories might be;

**WHEREAS** staying this case will also conserve the parties' resources and enable a more efficient and less expensive resolution of Plaintiff's claims. If this case were to go forward, the parties would expend significant time and resources in discovery and at the class certification stage and beyond. They would also expend considerable resources arguing the class certification motion, and possibly appealing any ruling on class certification to the Ninth Circuit. But the Ninth Circuit may clarify the applicable law and the requirements for the factual record that needs to be developed at this stage. Just as the parties urged in *Leonhart*, absent a stay the parties here would likely be forced to re-depose key witnesses, and re-brief class certification after a decision in *Brazil, et al*.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** that the instant action should be stayed pending resolution of the appeals in *Brazil v. Dole Food Company, Inc.*, No. 14-17480 (9th Cir. Filed December 17, 2014), *Jones v. ConAgra Foods, Inc.*, No. 14-16327 (9th Cir. Filed July 14, 2014), and *Kosta v. Del Monte Foods, Inc.*, No. 15-16974 (9th Cir. Filed October 2, 2015).

Dated: December ___, 2015

**SCOTT COLE & ASSOCIATES, APC**

By: _____
Molly A. DeSario, Esq.
Attorneys for the Representative Plaintiff
and the Plaintiff Classes

Dated: December ___, 2015

**JENNER & BLOCK LLP**

By: _____

Kelly M. Morrison
Attorneys for Defendant
The Hain Celestial Group, Inc.

**ATTESTATION**

I, Molly A. DeSario, am the ECF user whose ID and password are being used to file this Stipulation and [Proposed] Order to Stay Case. In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from signatory Kelly M. Morrison.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-5-
Stipulation and Order to Stay Case

## ORDER

**IT IS HEREBY ORDERED THAT,** pursuant to the foregoing stipulation of the parties and in light of the pending appeals in Ninth Circuit Court of Appeals in *Brazil v. Dole Food Company, Inc.*, No. 14-17480 (9th Cir. Filed December 17, 2014), *Jones v. ConAgra Foods, Inc.*, No. 14-16327 (9th Cir. Filed July 14, 2014), and *Kosta v. Del Monte Foods, Inc.*, No. 15-16974 (9th Cir. Filed October 2, 2015), the Court STAYS this action. Six months from today's date, and every six months thereafter while this stay is in effect, the parties shall file a short Joint Status Report describing any pertinent developments in the cases identified above.

**IT IS SO ORDERED.**

Dated: December 10, 2015 ___

By: _____
The Honorable William H. Orrick
United States District Judge